S. P. LUNDY *et al.*

*v.*

ELIAS J. LUNDY *et al.*

*Filed at Ottawa January 21, 1890.*

1. CLOUD UPON TITLE—*grantee in possession—remedy at law.* A bill by some of the heirs of a deceased person to set aside a deed of the latter to one of his sons, on the ground that it was never delivered by the maker in his lifetime, showed that the defendant, the grantee in the deed, had the exclusive possession of the premises: *Held*, that a court of equity had no jurisdiction, there being a complete remedy at law by ejectment.

2. EJECTMENT—*as between tenants in common.* Where one of several tenants in common is in possession, claiming the exclusive right to possession under title adverse to his co-tenants, this will effect such an ouster of the latter as to authorize them to bring ejectment at once.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. GEORGE W. PATTON, for the appellants.

Messrs. MCILDUFF & TORRANCE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a bill in equity, exhibited by appellants, against appellees, in the circuit court of Livingston county, to set aside certain deeds as clouds upon the title of appellants.

It is alleged in the bill, that Henry Lundy died intestate, in Livingston county, on the 9th of August, 1885, leaving the appellants S. P. Lundy and F. M. Lundy, and the appellee Elias J. Lundy, his children, and the appellants F. M. Pope, John M. Pope, Rastus C. Pope and Henry P. Pope, his grandchildren by his deceased daughter, Diana Pope, and no widow; and that those named are, therefore, his only heirs-at-law, and, as such, are seized as tenants in common of all the real estate whereof he died seized; that he died seized of certain

lands particularly described, and lying in Livingston county; that since the death of said Henry Lundy, "said Elias J. Lundy, unjustly seeking to seize the whole of said premises, now wrongfully claims to be the owner thereof, to the exclusion of appellants," by virtue of three written instruments,—in form, warranty deeds,—purporting, on their faces, to have been signed and acknowledged by said Henry Lundy, copies of which are annexed to the bill, as exhibits. It is then further alleged, "that said pretended deeds were not, nor was either of them, ever delivered to said Elias J. Lundy, nor to any other person or persons for him, by said Henry Lundy." Another allegation is, that Elias got possession of these instruments while said Henry was lying upon a sick-bed, unconscious of what was transpiring, "and without the knowledge or consent of said Henry," and that he has had them recorded since Henry's death. The concluding allegation is as follows: "That said Elias J. Lundy is in the exclusive possession of said premises, and wrongfully claims the right to exclude these complainants from possession of the same as tenants in common with him, by virtue of said pretended deeds; that he has been in such exclusive possession ever since the death of said Henry Lundy, having wrongfully intruded into the same, exclusively, immediately or soon after said death, and has, during such time, received, enjoyed and possessed himself of all of the rents, profits and issues of the same, and he should now account to these complainants for their proper proportion and share of the same, but refuses so to do." Then follows prayer for answer, but not under oath; that the deeds and the records thereof be set aside as a cloud on the title of complainants; that Elias J. Lundy be decreed to account for the proceeds of said lands, and that complainants be let into possession with him.

Answer was filed, putting in issue the allegations of the bill, and the circuit court, upon hearing, decreed that the bill be dismissed.

It is unnecessary to go into the merits of the controversy between these parties, for there is not a single equitable question involved in the case. Whether a deed, in the absence of fraud or mistake,—neither of which is here charged or claimed,—was delivered or not, involves only a question of legal title, and a court of law is the proper forum for the trial of all purely legal titles, unless some reason is shown why it is impossible for them to be tried in that forum. An action of ejectment would, at common law, only lie against the party in possession of the premises; and so, if the holder of a cloud upon the title should not be in possession, no judgment at law could be pronounced upon it. It was therefore held, that, in such case, a bill in equity would lie to remove the cloud, and our statute has extended the right to cases, also, in which the lands are "unimproved and unoccupied;" and since the enactment of that statute, it is held that to maintain a bill to remove a cloud from a title, it must be alleged and proved either that the complainant is in the actual possession of the lands, or that they are unimproved and unoccupied. *Gage* v. *Abbott*, 99 Ill. 366; *Hardin* v. *Jones*, 86 id. 313, *Bowen* v. *McCarthy*, 127 id. 17.

The fact that the parties are claimed by appellants to be seized, and therefore entitled to the possession, as tenants in common, can make no difference in this respect; for, by claiming the exclusive right of possession under title adverse to appellants, appellee Elias effects such an ouster of appellants as authorizes them to bring ejectment at once. Freeman on Co-tenancy, secs. 290-292, and authorities cited.

The circuit court therefore properly dismissed the bill, and its decree is affirmed.

*Decree affirmed.*