WILLIAM PRESTON HARRISON

*v.*

CAROLINE D. OWSLEY *et al.*

*Opinion filed April 21, 1898.*

1. EQUITY—*equity will not take jurisdiction to construe will where only legal titles are involved.* Equity cannot assume jurisdiction to construe a will where only legal titles are involved and no relief other than a judicial construction of the will and a declaration of such legal titles is asked.

2. SAME—*instance where equity cannot take jurisdiction to construe will.* A devise of the testator's property, real, personal and mixed, to his children in equal shares, each child to take the fee in one-half his share and a life estate in the other, the life estate to be in improved real estate, does not create such a mixed trust of real and personal property as authorizes a court of equity to take jurisdiction, at the instance of heirs, solely to construe the devise and declare it void as creating a perpetuity.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

MORAN, KRAUS & MAYER, (T. A. MORAN, of counsel,) for plaintiff in error:

A court of equity has no jurisdiction to construe a will except where a trust is involved. Where purely legal titles are in controversy a court of equity has no power to act. 1 Pomeroy's Eq. Jur. 352; *Bowers* v. *Smith,* 10 Paige, 193; *Onderdonk* v. *Mott,* 34 Barb. 106; *Chipman* v. *Montgomery,* 63 N. Y. 221; *Bailey* v. *Briggs,* 56 id. 407; *Strubher* v. *Belsey,* 79 Ill. 307; *Schaefer* v. *Schaefer,* 141 id. 337; *Longwith* v. *Riggs,* 123 id. 258; *Whitman* v. *Fisher,* 74 id. 147.

Where only purely legal titles are involved, and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law. *Whitman* v. *Fisher*, 74 Ill. 147; *Onderdonk* v. *Mott*, 34 Barb. 106; *Bowers* v. *Smith*, 10 Paige, 193.

GRANVILLE W. BROWNING, for defendants in error:

It is not enough that a contingent event may happen, or even that it will probably happen, within the limits of the rule against perpetuities. If it can possibly happen beyond those limits an interest conditioned on it is too remote. Gray on Perpetuities, sec. 214.

The absolute ownership of property must vest in some one within the period of a life or lives in being and twenty-one years and nine months thereafter. *Schaefer* v. *Schaefer*, 141 Ill. 337; *Post* v. *Rohrbach*, 142 id. 600; *Lawrence* v. *Smith*, 163 id. 149; *Howe* v. *Hodge*, 152 id. 252.

Where there is a mixed trust of real and personal estate, it frequently becomes necessary for a court of equity to settle questions as to the validity and effect of contingent limitations in a will to persons who are not *in esse.* *Bowers* v. *Smith*, 10 Paige, 193.

A court of chancery will take jurisdiction to construe wills wherever uncertainty arises. *Benham* v. *Henderson*, 32 N. J. Eq. 441.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill in chancery, filed by Caroline D. Owsley and Sophonisba G. Eastman, two of the heirs and devisees of the late Carter H. Harrison, to construe the sixth clause of his last will and testament. Said clause is as follows:

"*Sixth*—After the expiration of said period of two years all of my estate, real, personal and mixed, not disposed of as herein above directed, shall be divided into four equal parts or shares, of equal value. One of such shares I bequeath to each of my four children who may

at that time be alive. If either of my four children shall prior to that time have died leaving lawful issue, and such issue be at that time living, then and in that event such issue shall stand *in loco parentis*, taking its parent's share. Such share I bequeath to each of my children, respectively, or to his or her issue, to have and to hold such share and the property therein contained, as follows, to-wit: one-half of such share, and the property therein contained, in fee simple title, the other half, and the property therein contained, for and during his, her or their natural life, and on his or her death, to the heirs of the body of my child or children so deceased,—meaning and intending hereby to give each of my children, or to his or her lawful issue, the absolute control of one-half of his, her or their share of my estate, and to give only a life estate of the other half, with the remainder to the heirs of my body. It is my desire that improved real estate should constitute the entailed part of each share, as above provided for."

The sole object of the bill, as stated therein, is to construe said sixth clause by declaring the provisions of the same to be contrary to the rule against perpetuities, and therefore illegal and void, and the personal estate therein bequeathed to be for that reason intestate estate, and the real estate vested in fee simple in the children of the testator. The answer admitted all the allegations of the bill except the one touching the force and effect of said sixth clause, but neither admitted nor denied that allegation. The decree of the circuit court construed the clause in question according to the prayer of the bill. Plaintiff in error, one of the heirs-at-law and a devisee under the will, has brought this writ of error, assigning as error in the decree that the court had no jurisdiction to entertain the bill, and that the sixth clause did not violate the rule against perpetuities.

In *Strubher* v. *Belsey*, 79 Ill. 307, this court stated the law in regard to the power of a court of equity to con-

strue a will, as follows (p. 308): "Where no trust is created, the law, as we understand it, is, that neither the executor, nor the heir or the devisee who claims only a legal title in the estate, will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will. Where only purely legal titles are involved, and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law,"—citing *Whitman* v. *Fisher,* 74 Ill. 147; *Bowers* v. *Smith,* 10 Paige, 133; *Onderdonk* v. *Mott,* 34 Barb. 106. In *Bowers* v. *Smith, supra,* the court said that "where there is a mixed trust of real and personal estate, it frequently becomes necessary for the court to settle questions as to the validity and effect of contingent limitations in a will to persons who are not *in esse,* in order to make a final decree in the suit, and to give the proper instructions and directions to the executors and trustees in relation to the execution of their trust."

All the authorities concur that where any trust is reposed in the executors they may seek the aid and direction of a court of equity in the management or execution of the trust; (*Whitman* v. *Fisher, supra; Longwith* v. *Riggs,* 123 Ill. 258;) and where a court of equity has obtained jurisdiction for any purpose, it is empowered to determine all questions that may arise in the progress of the cause and do complete justice. It is clear that the case at bar does not come within any of these rules. All the estates created by the will are legal estates. There is no trust created. The bill simply asks for the construction of the sixth clause of the will, and no other relief is asked, such as partition or to remove a cloud from the title, to enable a court of chancery to construe the will as incidental to granting the other relief asked for. The bill is not even filed by the complainants *as* executors of the last will and testament of Carter H. Harrison, deceased, nor do they ask for any construction of the will

to enable them properly to execute their trust as executors. Nor is it filed by the complainants as *cestuis que trustent*, asking to have any trust construed or executed. It does not appear, as it did in the *Whitman case*, that there was personal estate in the hands of the executors, and that they were charged with its administration in a manner different from that directed by the statute.

It is contended, however, that a mixed trust of real and personal estate is created by the sixth clause, thus bringing this case within the rule laid down in the *Whitman case* and in *Bowers* v. *Smith, supra.* The concluding words of the sixth clause expressly declare the intention of the testator, as follows: "Meaning and intending hereby to give each of my children, or to his or her lawful issue, the absolute control of one-half of his, her or their share of my estate, and to give only a life estate of the other half, with the remainder to the heirs of my body. It is my desire that improved real estate should constitute the entailed part of each share, as above provided for." As the life estate devised by the will was to be in the improved real estate, no question can arise as to the disposition or investment of the personal estate, as all of it must go absolutely to the legatees, unless, indeed, more than half of the estate so devised and bequeathed should turn out to be personal estate,—and there is no allegation in the bill to that effect.

We have carefully examined the authorities cited by counsel, and do not find any, where the question appears to have been raised or discussed, opposed to the views here expressed. Some cases are cited where jurisdiction was assumed and where it does not appear what the grounds of equitable jurisdiction were; but these cases cannot be held to lay down a different doctrine from that long before established and announced in many cases.

The trial court erred in assuming jurisdiction, and the decree must be reversed.

*Decree reversed.*