NIVEN McCONNELL

*v.*

HENRY B. PIERCE.

*Opinion filed June 23, 1904.*

1. LEASES—*grantee of lessor cannot declare forfeiture on the grounds waived by lessor.*   A grantee of a lessor cannot declare a forfeiture of the lease upon grounds which the lessor has previously waived by his conduct.

2. SAME—*what is a recognition of validity of a lease.*   A quit-claim deed conveying the grantor's interest in minerals under the soil, which is expressly made subject to a lease thereof made by the grantor, is a recognition by him of the validity of the lease at that time, and grounds of forfeiture previously existing are waived.

3. PARTITION—*mining claims are subject to partition.*   Owners in common of the minerals beneath the soil are entitled to partition thereof.

4. SAME—*tenancy in common is essential to partition.*   It is essential to the right of a complainant to a partition that he show he is the owner of an undivided interest in the premises as a tenant in common with the parties against whom he seeks partition.

5. SAME—*when partition cannot be had.*   Partition cannot be had, as between persons alleged to be tenants in common of the fee, where the title shown is a deed conveying the premises to such two persons, if the evidence further shows a prior deed of the premises from the same grantor to one, only, of such persons.

6. SAME—*when equitable interest is of no avail to aid partition.*   An equitable interest in premises does not authorize a partition between the owner thereof and another person, where the bill alleges that each is the owner in fee of an undivided half of the premises.

7. DEEDS—*deed made to correct former deed cannot create new estate.*   After delivery of a deed conveying property to one person, an undivided half interest in the premises cannot be created in another by a new deed from the same grantor purporting to correct the former deed by inserting the names of both persons as grantees.

8. CLOUD ON TITLE—*when bill to remove cloud cannot be maintained.*   A bill for partition and to remove a cloud cannot be retained for the latter purpose if there is no right to partition, where it appears that the premises are not in the possession of complainant but of the party whose lease is sought to be set aside as a cloud.

WRIT OF ERROR to the Circuit Court of Pope county; the Hon. W. H. DUNCAN, Judge, presiding.

This is a bill for partition, filed in the circuit court of Pope county on April 2, 1903, by the defendant in error, Henry B. Pierce, against the plaintiff in error, Niven McConnell, and one Frank Staubitz, asking for the partition of the minerals on, in and under the lands therein described. The defendant Staubitz filed no answer, and default and decree *pro confesso* were entered against him. The plaintiff in error, McConnell, filed an answer, denying the material averments of the bill, and setting up a claim under the lease hereinafter referred to. The court below rendered a decree, sustaining the prayer of the bill, and canceling the lease as a cloud upon complainant's title, the bill being not only a bill for partition, but also a bill for the removal of the lease in question as a cloud upon complainant's title. The present appeal is prosecuted from the decree so entered by the circuit court.

The bill alleges that the complainant therein, Henry B. Pierce, is the owner in fee simple of an undivided one-half interest in all the minerals such as lead, spar, zinc, iron and oil, and all other minerals of whatsoever kind, upon and under certain lands amounting altogether to about one hundred and twenty acres in Pope county; that Frank Staubitz is the owner in fee of the other undivided one-half interest in said minerals; that on December 29, 1899, one F. H. Haley obtained from Hosea Potts a written agreement or lease, purporting to lease the minerals in said lands to the said Haley, which lease contained a condition for the development of the same within a period of three years; that the condition was never complied with, and not made in good faith, and the agreement was forfeited on account of the failure so to comply; that the owner, Hosea Potts, declared the lease forfeited, and re-took possession of the land before the conveyance to Pierce, the complainant; that the lease was recorded in the recorder's office of Pope county, and, although forfeited and void, is yet a cloud upon complainant's title,

and he, therefore, asks that the same be canceled, a copy being filed and made a part of the bill; that one Niven McConnell claims to have some interest in the said real estate, as assignee of said lease, but that, the lease being forfeited and void, his interest is only pretended; that neither F. H. Haley, nor his assignees, took possession of said land at any time, nor did anything of account to comply with the conditions of the lease; that Haley abandoned the leased premises, so far as Potts knew, and has since wholly failed, either by himself or his assignees to make any development, and by reason thereof Potts and the complainant, as his grantee, have suffered the loss of royalties for a space of three years; that said paper lease has been used only for speculative purposes, by reason of which Haley and his assigns have forfeited any rights they have had under the same, and that the same ought to be canceled. The prayer of the bill is, that partition be made of the premises between Pierce and Staubitz, and that commissioners be appointed to make partition, and in case the premises cannot be divided, that they be valued by the commissioners, and be sold and the proceeds divided; that the lease be set aside and canceled of record, etc., as a cloud upon complainant's title, and be required to be delivered up.

The lease was executed on December 29, 1899, and recorded in the recorder's office of Pope county on April 12, 1902. By its terms, Hosea Potts of Pope county, in consideration of one dollar and one-twentieth of all the hereinafter described products, to be paid by F. H. Haley, his successors or assigns, "shall mine and carry away from the premises hereinafter described, which payment shall be made in cash if so agreed, do hereby grant, bargain, sell and convey unto the said F. H. Haley, his successors or assigns, all the coal, iron ore, clay, oil, stone, gas and all other minerals, for the space of fifty years from the date hereof, which may be taken and removed during said period, which may be found in and upon the tract or par-

cel of land situated in the county of Pope" aforesaid, (describing the lands consisting of one hundred and twenty acres.) "If no developments are made within three years from this date the lease is void. It is also agreed that $40.00 per acre shall be paid for every acre used in farming, the surface of which is destroyed in mining. And the said Hosea Potts for himself, heirs and assigns, hereby covenants with the said F. H. Haley, his legal representatives and assigns, that, until all the minerals above mentioned are mined out of said premises, the said F. H. Haley, his legal representatives and assigns, shall have the right of way over and under said premises, for the purpose of mining the same; also the right to use and occupy so much of said premises for ways, passages, rail or other roads, as may be necessary in caring for and conveying said minerals to market. And it is further agreed that the said F. H. Haley shall have the option of purchasing the fee of the above described premises at any time within one year from this date at $20.00 per acre."

The answer of McConnell did not admit that Pierce and Staubitz had any interest in the minerals upon the premises in question, but alleged that whatever interest they had, if any, was subject to that of McConnell. The manner of acquiring of title, if any, and the time of acquiring the same, as set up in the bill, were not admitted in the answer. The answer of McConnell admitted that Haley obtained the lease from Potts, and alleged that he, McConnell, was unacquainted with Haley, and never knew him or Potts either, and knows nothing of the lease except what appears on the face of it; that he, McConnell, knows nothing of any representation made by Haley to Potts, at, before or since the execution and delivery of the lease; that he, McConnell, claims an interest in the mineral in the real estate as assignee, and denies that his interest is forfeited, or void, or only pretended, but avers that it is real, and that he took an assignment

of said lease on or about December 1, 1902, for a valuable consideration, and alleges that immediately thereafter he entered into possession of the premises, and has continued in such possession from that time; that on or about December 16, 1902, under his lease, he commenced the work of development on said property with a large force of men, and has continued the same since, and is still engaged in the work, complying with the terms and conditions of the lease, and has no intention, and never had any intention, of abandoning said work since he began the same. The answer denies that the lease is a cloud, but asserts that it is a legal, valid and subsisting contract, and was at the time Pierce and Staubitz claim to have become the owners of said minerals.

Upon the hearing of the cause a large amount of oral testimony was introduced, but the testimony of the plaintiff in error, McConnell, was in the form of a deposition, which deposition was read upon the hearing. The defendant in error, complainant below, introduced in evidence a quit-claim deed from Hosea Potts and wife to Henry B. Pierce and Frank Staubitz, dated March 26, 1903, selling, conveying and quit-claiming to Henry B. Pierce and Frank Staubitz of Golconda, Pope county, Illinois, "all minerals of whatsoever kind, such as lead, zinc, spar, iron and oil, and any and all mineral of whatever kind or character; also the right and privilege to mine any and all of said minerals, and oil, and the privilege to erect any and all necessary machinery and tramways, for the purpose of said mining and all incidents necessary thereto; also the right of free ingress and egress in, upon and under the following described land." (Here follows description of the land.) The deed recites that "this deed is made to correct former deed, dated December 20, 1902," and was recorded in the recorder's office of Pope county on March 27, 1903.

Upon the hearing, plaintiff in error, the defendant below, introduced in evidence a quit-claim deed, dated

December 20, 1902, executed by Hosea Potts and Mary Potts, his wife, to Henry B. Pierce of Golconda, Pope county, Illinois, in and by which the grantors, for the consideration of $550.00, convey and quit-claim to said Pierce "all interest in the mineral on the following described land, such as lead, zinc, spar, iron and also oil, or any kind of mineral whatsoever, and the right to mine the same, also haul, and if any damage is done to the present buildings on the land reasonable compensation shall be allowed said Hosea Potts for the same; also any damage done to the present orchard, reasonable pay will be paid to said Hosea Potts, to-wit:" (describing the land). The deed contained the following words: "This deed made subject to the F. H. Haley lease." This deed, dated December 20, 1902, was acknowledged on that day, and appears to have been recorded in the recorder's office of Pope county, though the date of its record is not shown.

M. S. WHITLEY, (WHITESIDE & DURFEE, and MILLI-KEN & CRAUMER, of counsel,) for plaintiff in error.

D. G. THOMPSON, and W. D. BEAMES, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It will be noticed that the lease, executed by Hosea Potts to F. H. Haley, and which was subsequently assigned to the plaintiff in error, Nevin McConnell, granted bargained, sold and conveyed unto Haley, his successors or assigns, all the coal, iron ore, clay, oil, stone, gas, and all other minerals, for the space of fifty years from the date of the lease, to-wit, December 29, 1899, and contained the following provision: "If no developments are made within three years from this date, this lease is void." The period of three years ended on December 29, 1902. The lease was assigned by Haley to the Hardin

Mineral Company on March 20, 1900, and was subsequently assigned by that company, as we understand the evidence, to the plaintiff in error, McConnell, about the first day of December, 1902. Nothing appears to have been done by Haley, or the Hardin Mineral Company, in the way of developing the property, but during the month of December, after the lease had been purchased by McConnell, he went to work upon the land with picks and shovels, digging in the rock holes and trenches. Men, employed by the plaintiff in error, began digging these trenches about the middle of December, 1902. McConnell testified that his men proceeded to cut trenches, cross-sections, and uncover the rock wherever they found it, and that, where mineral or spar was found, shafts were commenced, and that he has spent in developing this property in the neighborhood of $700.00.

It is claimed, on the part of the defendant in error, that nothing was done within the period of three years by Haley, or any of his assigns, in the way of making the developments required by the lease; and that the work, which was done by the men employed by plaintiff in error on December 16, 1902, and thereafter, up to and including December 29, 1902, when the three years expired, was not such work in the way of "developments," as was contemplated by the lease; that some holes in the ground were dug with pick and shovel by farm hands, but that no shafts were sunk within the three years, and that no mining machinery or drills or pumps or other necessary apparatus were used in the way of mining. The position, taken by the defendant in error, is that, because of the failure of the lessee, Haley, or any of his assigns, to develop the property in the way in which the defendant in error contends that it was necessary to develop it, the lease was forfeited, and that the lease having been forfeited, the defendant in error has the right to have the same canceled. The deed, mentioned in the statement preceding this opinion, which was executed

by Hosea Potts to the defendant in error, Pierce, on December 20, 1902, recites upon its face that the deed was made "subject to the F. H. Haley lease." So far as it is contended by defendant in error that the lease was forfeited by Hosea Potts by any action taken by him before December 20, such contention cannot be sustained under the proofs. When Hosea Potts deeded the mineral in and upon this land to Pierce on December 20, 1902, and recited in the deed that it was made subject to the Haley lease, he thereby recognized the existence and validity of the Haley lease at that time.

If Hosea Potts had any right to forfeit the lease prior to his execution of the deed to Pierce on December 20, 1902, he waived the cause of forfeiture, and was estopped from insisting upon a forfeiture by reason of his recognition of the validity and existence of the lease in the manner stated. Where a right has accrued to declare a lease forfeited, and the lessor has done acts which amount to a waiver of the forfeiture, the assignee of the lessor acquires no right to declare a forfeiture for the causes, which have been waived by the acts of his assignor. (*Watson* v. *Fletcher*, 49 Ill. 498.) It would seem to be clear that neither Potts, the lessor, nor Pierce, the assignee of Potts, had any right to declare a forfeiture of the lease until the expiration of the three years on December 29, 1902. Whether there was any valid forfeiture after the expiration of the three years by the defendant in error, Pierce, is a question which we do not deem it necessary to decide, or to discuss, except to say that forfeitures are regarded with disfavor by the courts, so that a contract, looking to a forfeiture, will be construed strictly. Forfeitures are not favored in law, and, in the eyes of the courts, are regarded as odious. (White on Mines and Mining and Mining Remedies, secs. 243, 249, 250; 2 Wood on Landlord and Tenant, p. 1192). Upon other grounds, argued by counsel for both parties, than those above indicated, we are of the opinion that the

decree of the court below is erroneous, and must be reversed.

*First*—"A conveyance of all the minerals, or a defined part or kind thereof, in or under a tract of land, passes an estate therein in fee. * * * Such an owner has all the rights of an owner of land in fee, with the same remedies to assert and defend those rights and to protect his title. The ownership of the mineral is vested immediately upon the delivery of the conveyance. Minerals in place, then, being land, are conveyed in the same manner and are subject to the same rules as regards their transfer, as land is." (Barringer & Adams on Mines and Mining, pp. 36, 25, 26). In *Manning* v. *Frazier*, 96 Ill. 279, we held that coal and other mineral in a mine and under the soil are real estate, and, as such, are capable of being conveyed like any other real estate, and when once conveyed by deed, may pass by inheritance or by deed of conveyance. In *Ames* v. *Ames*, 160 Ill. 599, it was held that coal, underlying lands, may be acquired by a title absolute and in fee in one person, while the right to the surface is in another, and that the owner of land has the right to convey the coal and mineral rights underlying his land, and reserve the surface absolutely in fee to himself; and that "when such conveyance is made, two separate estates exist, and each is distinct. Each may be conveyed by deed, each may be devised under a will, each will pass to the heir under the Statute of Descents, and each is subject to taxation. * * * In all these phases each estate passes, and must be treated as real estate."

These mining claims have been recognized as legal estates of freehold, and are subject to partition. (*Ames* v. *Ames*, *supra; Merritt* v. *Judd*, 14 Cal. 60; *Hughes* v. *Devlin*, 23 id. 502; Barringer & Adams on Mines and Mining, pp. 747, 748).

The bill, filed by the defendant in error in the case at bar, proceeds upon the theory that the interest of the

parties in such minerals is subject to partition. But, under our statute, a complainant is required, in order to entitle himself to a partition of premises, to show that he is the owner of an undivided interest therein as tenant in common with the party or parties, against whom he seeks partition. (*Ruddell* v. *Wren*, 208 Ill. 508). Defendant in error alleges in his bill that Frank Staubitz was the owner of an undivided half interest in the minerals in question, and, in order to show that he himself and Staubitz were the owners each of an undivided half, he introduced a deed, made by Hosea Potts to himself and Staubitz on March 26, 1903. But the defendant below, the present plaintiff in error, Nevin McConnell, introduced in evidence a prior deed, executed on December 20, 1902, by which Hosea Potts conveyed the same interest in the minerals on the lands, described in the deed of March 26, 1903, to the defendant in error, Henry B. Pierce, alone. When on December 20, 1902, Potts deeded his interest in these minerals to Pierce, Pierce thereby became the owner of the whole of the interest of Potts in said minerals, or at least acquired the fee simple title to the whole. When, therefore, subsequently, on March 26, 1903, Potts conveyed the same premises to Pierce and Staubitz, no title whatever passed to Staubitz, because all the title in Potts had previously passed out of him and vested in Pierce. The only way, in which Staubitz could acquire an undivided half interest would be through a deed, executed to him by Pierce, conveying such undivided half. As we read the record, no objection whatever was made to the deed of December 20, 1902, executed by Potts to Pierce, when the latter deed was introduced in evidence by the plaintiff in error. The proof showed that this deed was delivered to the brother of the defendant in error, Pierce, and came into the hands of Pierce, and was in his possession for three months. The evidence of Pierce himself clearly shows that this deed of December 20, 1902, was delivered to

him, and accepted by him. It is true that the deed of March 26, 1903, recites that it was made to correct a former deed, dated December 20, 1902. But it could not have the effect of so far correcting the former deed as to vest a half interest in Staubitz, when such interest had already passed out of Potts, the grantor in the deed. It is quite clear that the deed of March 26, 1903, was obtained for the purpose of making it appear that Staubitz was the owner of an undivided half of the property, so as to enable the defendant in error to file a bill for partition; but as the deed did not have the effect of passing any interest to Staubitz, this bill for partition against Staubitz, as a defendant, is improperly filed.

It is claimed on the part of defendant in error that Staubitz, who was his brother-in-law, paid to Potts a part of the purchase money of the land, and had an equitable interest therein, and that a partition may be made of equitable interests in land, as well as of legal interests. It is not necessary to consider this feature of the case as it is not here involved, for the reason that the bill of defendant in error alleges that he was the owner in fee of an undivided half of these minerals, and that Staubitz was the owner in fee of the other undivided half. There is no allegation in the bill that the interest of either party was an equitable interest, but there is an express allegation that both interests were legal interests, and titles in fee. It, therefore, avails defendant in error nothing that there may have been an equitable interest of some kind in Staubitz.

*Second*—It is claimed, however, on the part of the defendant in error that the present bill is not only a bill for partition, but that it is a bill to remove the lease, which is claimed to have been properly forfeited, as a cloud upon the title.

It is the settled doctrine of this court that, under the statute of this State, a court of equity has no jurisdiction of a bill to remove a cloud upon title, unless it is

alleged in the bill, either that the complainant is in possession of the land, or that the land is vacant and unoccupied, and the proof must sustain the allegation as to such possession, or as to the fact that the land is vacant and unoccupied. (*Glos* v. *Kemp*, 192 Ill. 72, and cases there cited). In the case at bar, the proof shows that the plaintiff in error was in possession of the premises in question, and that the defendant in error, who filed the bill, was not in possession. At any rate, so far as any possession is proven at all, it is the possession of plaintiff in error, whose men went upon the land and dug trenches and sunk shafts. It necessarily follows, therefore, that the court below had no jurisdiction to entertain the present bill as a bill to remove a cloud, irrespective of the question whether the lease referred to was a cloud or not.

Defendant in error contends, however, that, here, the relief sought, in the way of removing the lease as a cloud upon the title, is merely incidental to the main relief of partition, and that, where the removal of the cloud is thus incidental to the other relief which gives a court of equity jurisdiction, it is not necessary to show that the complainant is in possession of the property, or that the same is vacant and unoccupied. The position is that, here, a court of chancery had jurisdiction to decree a partition of these minerals, and that, having such jurisdiction, it would proceed to remove the lease as a cloud, independently of the question whether the complainant had possession, or not, or whether the land was vacant and unoccupied, or not. The trouble with the application of this doctrine to the case at bar is, that, for the reasons already stated, the court had no jurisdiction to decree partition. Inasmuch as the bill could not lie for partition, because the proof showed that the complainant was the owner of the whole of the land, and the other party, alleged to be a tenant in common, owned nothing, the bill cannot be regarded as seeking the removal of the cloud as a relief incidental to the partition.

As the right to partition does not exist for the reasons stated, the bill must stand, if it stands at all, as an independent bill to remove a cloud from the title. Viewed as such, it cannot stand, unless the complainant is in possession of the land, or the land is vacant and unoccupied. Neither of these conditions here exists.

For the reasons stated, we are of the opinion that the decree of the court below was erroneous. Accordingly, the decree of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*