(No. 12414.—Reversed and remanded.)

ALICE W. PRATHER *et al.* Appellants, *vs.* HENRY D. LEWIS *et al.* Appellees.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. EQUITY—*equity has no jurisdiction merely to construe deed where only legal titles are involved.* A court of law is the proper forum for the trial of legal titles, and equity has no jurisdiction of a bill filed for the sole purpose of obtaining a construction of a deed where only legal titles are involved and the only cloud or uncertainty that exists with reference to the title is by reason of the language of the deed itself.

2. SAME—*when court should not declare title.* Where a bill is filed for the sole purpose of obtaining a construction of a deed and having the legal title thereunder determined and declared, the court should not, in its decree dismissing the bill, construe the deed and declare the legal title.

APPEAL from the Circuit Court of Schuyler county; the Hon. GUY R. WILLIAMS, Judge, presiding.

GLASS & BOTTENBERG, for appellants.

H. D. LEWIS, and L. A. JARMAN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants, Alice W. Prather and William L. Prather, as complainants, filed their bill in the circuit court of Schuyler county praying the construction of a deed and that the title to the land described therein be quieted and declared to be in complainant Alice W. Prather in fee simple. The bill alleged that on February 29, 1899, William Lewis, grandfather of complainant William L. Prather, in consideration of love and affection and two dollars, executed and delivered to him a deed conveying certain premises to the grantee in fee simple. The conveyance was to "William L. Prather and his lineal heirs, and in default of lineal heirs then to the lineal heirs of his uncle, T. D. Lewis, and aunts, Ellen and Louisa." The uncle and aunts named were the children of the grantor and were all living at the

time the deed was executed. Lewis died in 1890, and in 1900 William L. Prather conveyed the lands by quit-claim deed to Alice W. Prather. The uncle, T. D. Lewis, and the aunt Ellen, mentioned in the deed, are still living. Louisa is dead. She left two children surviving her. The uncle and aunt living and their children, and the children of Louisa, were all made parties defendant. The bill alleged they claim an interest in the land, which claim is without foundation, and prayed that the deed be construed and that Alice W. Prather be declared to be the owner of the land in fee simple, and that the defendants be decreed to have no interest in said premises and that they be enjoined from contesting Alice W. Prather's title. Some of the defendants demurred to the bill on the ground that it did not state facts entitling complainants to relief in a court of equity. Upon a hearing of the demurrer the court entered a decree construing the deed to have conveyed a fee tail, and that by virtue of the statute the grantee took a life estate with remainder to his lineal heirs, and in default of heirs of his body an estate in fee simple in remainder went to the heirs of the body of the uncle and aunts, and that complainant Alice W. Prather took by the deed from William L. Prather an estate for the life of said Prather. The decree dismissed the bill for want of equity at the costs of complainants.

The court properly dismissed the bill because it did not by its allegations make a case authorizing a court of equity to take cognizance of it, but the court should not have entered a decree construing the deed and declaring the title. The bill sought only to have legal titles determined and declared. There was no allegation that defendants had done anything to cloud the title. The only cloud or uncertainty that existed was by reason of the language of the deed, and a court of law is the proper forum for the trial of legal titles. In *Seeley* v. *Baldwin*, 185 Ill. 211, this court considered a bill filed by a grantee to construe a deed con-

287 — 20

veying land to the grantee "and his children, the legal heirs of his body, forever," the grantee claiming he took an estate in fee by the conveyance. This court held equity had no jurisdiction,—that the complainant's remedy at law was adequate,—and said: "So far as construing the deed is concerned, only legal titles are involved, and equity will not take jurisdiction for the purpose of decreeing what they are,"—citing *Harrison* v. *Owsley*, 172 Ill. 629. This has universally been held to be the rule in many cases, among them *Parker* v. *Shannon*, 114 Ill. 192; *Long* v. *Barker*, 85 id. 431; *First Congregational Church* v. *Page*, 257 id. 472; *McCarty* v. *McCarty*, 275 id. 573.

The decree of the circuit court is reversed and the cause remanded, with directions to that court to enter a decree simply dismissing the bill.

*Reversed and remanded, with directions.*