## Dolph Conover, Appellee, v. Valmore Parker et al., Appellants.

APPEAL AND ERROR—*construction of will devising mineral rights involves existence of freehold.* The existence of a freehold is put in issue in a proceeding for the construction of a will where complainant claims an estate in the oil, gas and minerals in and under the real estate of which testator died seized and defendants deny that he has any interest therein, and appeal from the judgment therein goes to the Supreme Court.

Appeal from the Circuit Court of Crawford county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1922. Transferred to Supreme Court. Opinion filed April 28, 1922.

VALMORE PARKER and JONES & LOWE, for appellants.

BRADBURY, GAINES & BRADBURY, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

By this bill appellee claimed that under a proper construction of the will of Henry Parker and by reason of the death of appellee's wife and the probate of her will he became the owner of certain real estate specifically described; that he is also entitled to other real estate described as one-seventh of all the oil, gas and minerals in and under all the real estate of which Parker died seized. Appellants answered the bill and denied that appellee is seized of the fee in and to the oil and gas, or of any right, title or interest therein, in and under any of the real estate of the testator, Henry Parker.

The trial court entered a decree sustaining the claims of appellee to the specific real estate and also to one-seventh of the oil, gas and minerals in and under the lands of the testator. Appellants have assigned error in the holding that appellee is entitled to one-seventh of the oil, gas and minerals under the lands

owned by the testator at the time of his death.

A grant or devise of oil, gas and minerals in and under real estate is a conveyance of land. *Manning v. Frazier,* 96 Ill. 279; *McConnell v. Pierce,* 210 Ill. 627. A freehold is involved not only where one party will gain and another lose a freehold by the decree, but whenever the existence of a freehold is put in issue by the pleadings and must be decided. *Sanitary Dist. of Chicago v. Chicago Title & Trust Co.,* 278 Ill. 529; *Becker v. Fink,* 273 Ill. 560.

It is apparent, therefore, that the existence of a freehold was put in issue by the pleadings and is involved in the errors assigned by appellants and must be decided. It follows that this court is without jurisdiction. Pursuant to the provisions of section 102 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 102] this cause is transferred to the Supreme Court and the clerk of this court is directed to transmit the transcript and all files herein with the order of transfer to the clerk of the Supreme Court.

*Cause transferred to Supreme Court.*