(No. 27960.—

HARRISON R. WEBSTER *et al.*, Appellants, *vs.* LOLA HALL *et al.*, Appellees.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

402

S. S. DuHamel, of Springfield, and A. N. Tolliver, of Louisville, for appellants.

Paul Taylor, of Effingham, and Emory E. Calhoun, of Louisville, for appellees.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The final amended complaint filed herein was entitled as one "in chancery for an accounting and for partition." However, a full reading of said complaint discloses that the main relief sought is the construction of a deed executed in 1896 conveying life estates and remainders in certain real estate in Clay county, and for the quieting of title thereto. The principal defendants filed motions to strike said amended complaint and dismiss the suit upon the basis that it "shows no facts which entitle plaintiffs to partition, accounting, quieting of title or any relief prayed." The trial court sustained the motions to strike and dismissed the complaint for want of equity. Plaintiffs elected to stand upon their complaint as amended and have appealed to this court, a freehold being involved. Because of the view which we take of this case, it will not be necessary to relate in detail all the facts disclosed by the pleadings. However, some reference thereto will assist in the proper consideration hereof.

According to the complaint, the owners of the 120 acres of land in question, Noah Webster and Rebecca Webster, husband and wife, on February 17, 1896, executed and delivered a deed conveying said land to their daughter, Celestia Hall, for life. The deed then provided these conditions: "The said Celestia Hall and Edward J. Hall her husband to hold and to have during their natural life, at their death, above lands to revert to the heirs of Celestia Hall's body, if any. If no heirs of her body then living to revert equally to Effie J. Helm, H. R. Webster, and Stella May Webster, if living, or the ones of them or either one that may be living at that time. If none of them are living then to the heirs of their bodies." Celestia Hall died in 1919 at which time she left no heirs of her body but all of the remaindermen, i. e., Effie J. Helm, H. R. Webster, (who is the same person as plaintiff Harrison R. Webster)

and Stella May Webster, were then alive. Effie J. Helm died in April, 1923, and left her surviving as her only heir-at-law one child, Jenness, who subsequently married one Wolbert. Inasmuch as the remaindermen were brother and sisters, Harrison R. Webster and Jenness Wolbert were the only heirs of Stella May Webster, who died intestate while this suit was pending but subsequent to the death of said Edward J. Hall. Said Harrison R. Webster and Jenness Wolbert are the only plaintiffs.

The complaint further alleges that Edward J. Hall died on November 20, 1940, but that prior thereto, on February 6, 1935, he attempted to acquire all interests of the remaindermen, H. R. Webster and Stella May Webster, through a sheriff's deed executed upon a sale to satisfy a judgment against them. Following receipt of the sheriff's deed and prior to his death, said Edward J. Hall executed a quitclaim deed of his entire interest in the premises to his three nephews, William E. Hall, J. Ellis Hall and Everett E. Hall. The interest of William E. Hall was subsequently conveyed to Lola Hall who is made a party defendant together with said J. Ellis Hall and Everett E. Hall, but plaintiffs assert that said defendants in fact own none of the fee.

During the years between 1919 and 1940, several deeds were executed by various of the foregoing named parties and judgments obtained against several of them. In particular, Jenness Wolbert and her husband executed a quitclaim deed of her interest in 1938, and the following year said interest came to be owned by one Alva Carter, but these deeds are disclaimed by plaintiffs on the theory that Jenness Wolbert then had only a contingent interest which was not subject to sale. Such grantees and judgment creditors were made parties defendant. On March 25, 1942, plaintiff Harrison R. Webster executed an oil and gas lease of part of his asserted interest to one B. F. Hayes who was likewise made a party defend-

ant. The complaint finally alleges that the plaintiff Harrison R. Webster owns an undivided three-fourths interest in the premises, being one half in his own right and one fourth as an heir of Stella May Webster, and that plaintiff Jenness Wolbert owns the remaining one-fourth as the other heir of Stella May Webster, subject only to the oil and gas lease and the rights of said judgment creditors, if any; that since the death of Edward J. Hall on November 20, 1940, the defendants Lola Hall, J. Ellis Hall and Everett E. Hall have been in possession of the premises, have received the rents, issues and profits therefrom and refuse to account to the plaintiffs or surrender possession. It is not alleged that Alva Carter has been in possession or received any part of the rents and profits.

The primary contentions of plaintiffs thus may be summarized as follows: That the Webster deed of 1896 created estates in Celestia Hall and Edward J. Hall for the life of the survivor, with contingent remainders which vested in such persons as survived the last of said life tenants,—which survivors proved to be Harrison R. Webster and Stella May Webster; that by the death of the latter, after the death of Edward J. Hall, her interest descended to said Harrison R. Webster and Jenness Wolbert, who now own the entire fee; that the sheriff's deed of February 6, 1935, conveyed no title, because Harrison R. Webster and Stella May Webster then had only contingent interests which are not subject to sale under execution. The opposing theory of defendants is that the remainders vested or became a determinable fee upon the death of Celestia Hall and that Harrison R. Webster and Stella May Webster lost the interests which they then acquired when Edward J. Hall later purchased at the sheriff's sale; that the grantees under him, Lola Hall, J. Ellis Hall and Everett E. Hall, thus own the fee, or at least all except the possible interest of defendant Alva Carter.

After asking that the plaintiffs be adjudged to be the owners in fee simple of the premises subject only to the oil and gas lease of B. F. Hayes, and that defendants Lola Hall, J. Ellis Hall and Everett E. Hall be required to account for the rents and profits received from the premises since November 20, 1940, the prayer of plaintiffs' complaint is that commissioners be appointed to make partition or appraise the premises, and that the rights and interests of the parties in the premises or proceeds be ascertained. No specific request is made in the prayer that plaintiffs' title be quieted although such relief is asked in several paragraphs of the body of the complainant where various deeds and judgments are described.

Upon the record thus presented, we see no alternative other than to sustain the decree of the court below which dismissed the suit for want of equity. In the first place, it must be remembered that while section 31 of the Civil Practice Act abolishes the distinction between actions at law and suits in equity, it has always provided, "but this section shall not be deemed to affect in any way the substantial averments of fact necessary to state any cause of action either at law or in equity." (Ill. Rev. Stat. 1943, chap. 110, par. 155.) With that as a premise, we will now consider each possible theory of plaintiffs' final amended complaint.

Partition: By frequent previous decisions of this court, it has been made plain that a partition suit is, primarily, a proceeding to sever interests in real estate, and the determining of interests and quieting of title are only ancillary thereto. See, for example: *McConnell v. Pierce,* 210 Ill. 627, and *Harris v. Ingleside Building Corp.,* 370 Ill. 617. Certainly this is the intent of our present Partition Act which was revised and re-enacted by the 1937 General Assembly. (Ill. Rev. Stat. 1943, chap. 106, pars. 1-43.) While it is true that suits to enforce a parol agreement

for partition and *ex parte* partition proceedings have been recognized, (*Tanner* v. *Tanner*, 326 Ill. 302, and *Mitchell* v. *Mitchell*, 328 Ill. 136, respectively,) yet no relief of such character is sought under the complaint here involved. On the contrary, plaintiffs distinctly allege that they are the sole owners of the entire fee and ask that their title be so confirmed. If their position as to the construction of the deed of 1896 is correct, they would be the owners of the fee, subject only to the oil lease of Hayes and the interests of judgment creditors, if any, none of which affect our present considerations. But if the deed be construed as creating a remainder which vested upon the death of Celestia Hall, then the interests of Harrison R. Webster and Stella May Webster were effectually cut off by the sheriff's deed and the interest of Jenness Wolbert was terminated by her deed in 1938, whereby defendants Lola Hall, J. Ellis Hall and Everett E. Hall (and perhaps Alva Carter) would own the fee, subject only to collateral interests not important here. In either event, it is apparent that there is not such a common ownership among the plaintiffs and defendants as would justify a partition proceeding of the present character. *Blyman* v. *Shelby Loan and Trust Co.*, 382 Ill. 415; *McConnell* v. *Pierce*, 210 Ill. 627.

In reaching this conclusion as to the inappropriate nature of partition herein, we are not unmindful of section 39 of the Partition Act, which provides that controverted titles may be settled and clouds removed. This court has many times pointed out that the relief therein contemplated is merely incidental to the primary relief in partition. There being no basis for equity to attach to this case as one in partition, it follows that the relief which might otherwise be incidental thereto also fails. Thus, in *McConnell* v. *Pierce*, 210 Ill. 627, which is analogous in all important respects, this court held: "Inasmuch as the

bill could not lie for partition, because the proof showed that the complainant was the owner of the whole of the land, and the other party, alleged to be a tenant in common, owned nothing, the bill cannot be regarded as seeking the removal of the cloud as a relief incidental to the partition. As the right to partition does not exist for the reasons stated, the bill must stand, if it stands at all, as an independent bill to remove a cloud from the title. Viewed as such, it cannot stand, unless the complainant is in possession of the land, or the land is vacant and unoccupied. Neither of these conditions here exists." (pp. 638-639.) See, also, *Harris* v. *Ingelside Building Corp.* 370 Ill. 617 and *Aronson* v. *Olsen,* 348 Ill. 26. Nor is the interest of B. F. Hayes as lessee under an oil and gas lease sufficient to justify partition; that was plainly decided in *Watford Oil and Gas Co.* v. *Shipman,* 233 Ill. 9.

Accounting: The final amended complaint of plaintiffs contains no allegations whatever that the accounts between the parties, if the right thereto is ultimately established, are involved or complex or that a court of law does not offer an adequate remedy. Plaintiffs merely assert that defendants Lola Hall, J. Ellis Hall and Everett E. Hall have been in possession since November 20, 1940, and refuse to account for the rents and profits received. In the absence of more specific allegations, the motions of defendants to dismiss for want of equity were quite proper, for, as pointed out in *County of Cook* v. *Davis,* 143 Ill. 151, "In actions cognizable at law the mere fact that an accounting is necessary, even when there are cross-accounts, is insufficient to give a court of equity jurisdiction, (*Hadley* v. *Morrison,* 39 Ill. 392,) 'the general rule being that a proper case is presented when the remedies at law are inadequate.' Pomeroy's Eq. 177, 178, 1420, 1421; Story's Eq. Jur. 458, 459." To the same effect, see *People* v. *Small,* 319 Ill. 437. While it is true that if a court of equity ac-

quires jurisdiction on any equitable ground it may afford complete relief, such as an accounting, yet in the first instance there must be some basis upon which the jurisdiction of equity can attach. That primary requisite is lacking here.

Quieting Title: This, of course, is a well-known field for the intervention of a court of equity. As a matter of fact, section 50 of our Chancery Act (Ill. Rev. Stat. 1943, chap. 22, par. 50,) specifically provides that courts of chancery may hear and determine "complaints to quiet title and to remove clouds from the title to real estate, and complaints to establish and confirm titles to real estate or of any interest therein, whether the lands in controversy are improved or occupied, or unimproved or unoccupied." However, it will be noted that, as a prerequisite to such a remedy, the land in controversy must either be in the possession of the plaintiffs, or unimproved and unoccupied. At common law and prior to the enactment of our Chancery Act, only persons in possession of the land in question were entitled to maintain suits to quiet title. The statute added a second basis for such relief, i. e., if the lands were vacant or unoccupied. Thus, this court at an early date said in the case of *Hardin* v. *Jones,* 86 Ill. 313: "There are only two cases, under our law, in which a party may file a bill to quiet title or to remove a cloud from the title to real property: first, when he is in possession of the lands; and, second, when he claims to be the owner and the lands in controversy are unimproved and unoccupied; then, under our statute, he may file such bill." To the same effect, see *Gage* v. *Abbott,* 99 Ill. 366, *Gage* v. *Curtis,* 122 Ill. 520; *Lundy* v. *Lundy,* 131 Ill. 138; *McGookey* v. *Winter,* 381 Ill. 516. It is true that an amendment to section 50 in 1911 provided as a basis of equitable jurisdiction suits "to establish and confirm title to real estate or any interest therein." This, apparently,

was only statutory confirmation of the same relief which had theretofore been granted in suits to quiet title and remove clouds, as it amounts to essentially the same thing. At any event, such was likewise conditioned on the same requirement of possession, or that the lands be vacant and unimproved.

In view of plaintiffs' own allegation that the premises in question are in the possession of defendants Lola Hall, J. Ellis Hall and Everett E. Hall, it follows that there is no ground for equitable jurisdiction on this score, particularly since the objection was raised in the trial court by motion to strike for want of equity. This presents a much different situation than existed in cases such as *Stout* v. *Cook,* 41 Ill. 447, and *Smith* v. *Love,* 286 Ill. 570, where the point of equity jurisdiction was not raised until on appeal and after a determination on the merits. We need only suggest that it would be of little benefit to plaintiffs to reverse this case and direct that defendants file answers, if we should conclude that the plaintiffs do own the fee (but upon which we make no finding hereby,) and then have their suit fail for inability to prove possession, should that matter be raised by the answers, which obviously would happen in view of the present contention by defendants.

In addition to the foregoing principles, and at the same time closely akin thereto, is the well-established line of cases holding that where only legal titles are involved equity will not take jurisdiction for the purpose of construing a deed and declaring titles. Thus, in *Prather* v. *Lewis,* 287 Ill. 304, a bill in chancery was filed to construe a deed and quiet title in plaintiff. In affirming the decree of the trial judge, which dismissed the case for want of equity, this court said: "The court properly dismissed the bill because it did not by its allegations make a case authorizing a court of equity to take cognizance

of it, * * *. The bill sought only to have legal titles determined and declared. There was no allegation that defendants had done anything to cloud the title. The only cloud of uncertainty that existed was by reason of the language of the deed, and a court of law is the proper forum for the trial of legal titles." Similar conclusions were reached in *Trustees of Schools* v. *Wilson*, 334 Ill. 347; *Seeley* v. *Baldwin*, 185 Ill. 211; *Harrison* v. *Owsley*, 172 Ill. 629, and *McGookey* v. *Winter*, 381 Ill. 516.

The rule just referred to applies with equal force herein. The only cloud and uncertainty that exist are by reason of the language of the Webster deed of 1896 which could be fully settled by an action at law in ejectment. That is the age-old remedy to try legal titles and gain possession of real estate. An accounting of the rents and profits, if title is found to be in plaintiffs, could also readily be had under proper pleading in the same suit. While the relief asked by plaintiffs' present complaint is not entirely foreign to equity jurisdiction, the point has been duly raised by defendants at the first opportunity and, in view of established precedent and applicable statutes, it is apparent that their motions must be sustained. Certain fundamental distinctions between law and equity have long been recognized and the incidents of each, such as trial by jury, statutes of limitations, *laches,* etc., have an important bearing on the rights of litigants. Unless or until changed by the legislature, we have no authority to disregard the same.

The action of the trial court in dismissing the complaint for want of equity is affirmed, but without prejudice to plaintiffs' rights to maintain an appropriate action at law.

*Decree affirmed.*