CLEVELAND F. MOULTON, APPELLEE, V. CLARENCE E. LAW-
SON, APPELLANT.

FILED JULY 12, 1907. NO. 14,935.

Landlord and Tenant: SALE OF PREMISES: FORFEITURE. A grantee of
lands subject to a lease for a term of years, reserving rent pay-
able in instalments, cannot declare a forfeiture and recover the
premises by proceedings in forcible detainer, because of a default
in the payment of an instalment accruing to his grantor in which
he has no interest and falling due before the execution of his
conveyance.

APPEAL from the district court for Merrick county:
CONRAD HOLLENBECK, JUDGE. *Reversed.*

*Patterson & Patterson,* for appellant.

*Martin & Ayres,* contra.

AMES, C.

William Lawson was the owner of a tract of farm land
lying in Merrick county, in this state, which was subject
to a lease to the defendant, Clarence E. Lawson, for a
term of ten years beginning May 16, 1903, for an annual
rental of one-third of the grain raised thereon. On De-
cember 18, 1905, William Lawson conveyed the premises
to the plaintiff, Moulton, by a warranty deed containing
the following clause: "This deed is made subject to a
lease to Clarence E. Lawson, but with the understanding
that the said C. F. Moulton succeeds to my rights under
the terms of the lease." It is not disputed that the grantor
reserved or retained the right to the rent for the year
1905, which the tenant refused or neglected to pay, and
for which the former recovered a judgment which remains
unsatisfied. On the 14th day of February, 1906, before
any rents subsequently accrued under the lease, Moulton
began this action against the tenant, Clarence E. Lawson,
in forcible detainer to recover the premises for an al-

leged forfeiture of the remainder of the term for nonpayment of rent for the preceding year. There is no dispute about the facts, and only one question in the case, namely, whether Moulton, the grantee, can declare and enforce a forfeiture for a default in payment of rent which accrued to his grantor in the preceding year, in which instalment he has no interest, and from which default he has suffered no injury. From a judgment for the plaintiff the defendant appealed.

Without doubt, the case falls within the letter of the first clause of section 1020 of the code, which is as follows: "Proceedings under this article may be had in all cases against tenants holding over their terms, and a tenant shall be deemed to be holding over his term whenever he has failed, neglected, or refused to pay the rent or any part thereof when the same became due." But is it within the spirit of the statutes? Neither party cites authority exactly in point, and we do not know that there is any; but it appears to us that the section, so far as it applies to cases of nonpayment of rent, is one of penalties and forfeitures, and to be strictly construed, and we take it that the general rule is that a forfeiture cannot be declared for a breach of duty, except by the person to whom the obligation is due, and who may, if he pleases, waive his right. In other words, the nonpayment of an instalment of rent does not of itself avoid the lease, so as to convert the lessee into a mere tenant at will or by sufferance; but, if a forfeiture is not declared by the lessor, the instrument remains in force and continues to measure the rights and liabilities of the parties.

Relative to a somewhat similar question the supreme court of Maine used the following language in *Small v. Clark*, 97 Me. 314: "The inquiry suggests itself in this connection, whether the legislature did not intend to give the word 'forfeited' and the phrase 'make void' the same meaning and effect which the common law gives to similar expressions in leases. We think such was the intent.

49

'The modern decisions,' says Mr. Taylor in his work on Landlord and Tenant, sec. 492, 'establish that the effect of a condition, making a lease void upon a certain event, is to make it void at the option of the lessor only, in cases where the condition is intended for his benefit, and he actually avails himself of his privilege.' The editor of the Am. & Eng. Ency. of Law lays down the doctrine, book 18, p. 380, 2d ed., which seems to be supported by the authorities cited, that the construction of provisions for forfeiture of a lease for nonperformance by the lessee, of conditions, is that the lease is voidable only at the election of the lessor, and is not rendered absolutely void though it provides that it shall be null and void in case of such breach. And this rule applies to leases by the crown, and when the provision is by statute, p. 381."

The lease therefore was valid and the term subsisting at the time of the conveyance of the fee and at the time that this proceeding was begun, although the defendant had incurred a forfeiture to the plaintiff's grantor. But there is no evidence that the latter intended to insist upon the forfeiture, and the fact that he conveyed the premises by a deed reciting the lease and treating the term created thereby as still existing may be regarded as at least an implied expression of his intention to waive, of which, of course, the plaintiff had notice.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

JACKSON and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.