# W. D. Watson, Defendant in Error, v. Charles S. Smith, Plaintiff in Error.

## Gen. No. 18,098.

1. LANDLORD AND TENANT—*consent to assignment.* A provision in a lease requiring the lessor's consent to an assignment is waived, where the assignee of the leasehold interest takes possession and pays rent directly to the owner of the lease.

2. LANDLORD AND TENANT—*when assignee of reversion cannot declare forfeiture.* The assignee of the reversion cannot take advantage of a cause for forfeiture of a lease for nonpayment of rent which accrued prior to the assignment.

3. LANDLORD AND TENANT—*where lessor has waived grounds for forfeiture.* The assignee of a reversion cannot declare forfeiture of the lease upon grounds which accrued prior to the assignment and were waived by the lessor.

4. CONDITIONAL SALE—*when assignee may assert title.* Where the owner of certain buildings and a ground lease makes a contract of conditional sale to a corporation, his assignee is entitled to assert title when the corporation becomes bankrupt and fails to comply with the conditions.

5. FORCIBLE ENTRY AND DETAINER—*lies only to restore actual possession.* An assignee of a leasehold interest who has had only constructive possession of the premises cannot maintain forcible entry and detainer.

6. FORFEITURES—*not favored by courts of equity.* In equity a provision for the forfeiture of a lease for nonpayment of rent is treated as intended merely for security and equity assumes jurisdiction to relieve tenants from forfeiture upon payment of all rent in arrears.

7. EQUITY—*power to enjoin landlord from enforcing forfeiture of lease.* Where complainant, assignee of a leasehold interest, has tendered defendant, owner of the reversion, the back rent which accrued before defendant acquired title and the next instalment

as it fell due and defendant has taken possession claiming the right to declare a forfeiture, equity has power to issue a mandatory injunction enjoining defendant from interfering with complainant's occupation of the premises.

Error to the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913.

**Statement by the Court.** This writ of error brings up for review the overruling of a general demurrer to the bill of complaint, by which defendant elected to stand, and the entry of decree on the bill taken as confessed.

The bill set up: That on March 14, 1907, one Porter, the owner of said lots, executed a lease thereof to one Nelson and one Benson, copartners, for the term of ten years from April 1st following, containing covenants that the lessees pay all water rates, taxes and assessments, and the rent in monthly instalments in advance; that the lessees might remove, at the termination of the lease, all buildings they may have erected thereon, provided that all rents, taxes and assessments had been fully paid; that the lease should not be assigned without the written consent of the lessor, and that in case the lessees defaulted in payment of rent or in the performance of any of their covenants, the lessor or his assigns might elect to declare the term ended and re-enter, the lessees waiving the right to a notice of such election.

That said lease and the rent secured thereby were assigned by said Porter to the Chicago Title & Trust Company on January 4, 1909, and by the latter company to defendant Smith June 6, 1911.

That a building or mill was erected on the leased premises by Nelson; that Nelson and Benson went into possession and operated the mill until June 27, 1908, when they dissolved copartnership, Benson continuing in the mill business and assigning to Nelson

on February 1, 1908, all his title and interest in the building and ground lease; that on February 16, 1909, Nelson entered into an agreement to sell Benson the buildings, improvements and leasehold interest for a certain amount, part cash and the balance in monthly instalments, the title to remain in Nelson until such payments were fully made, when Nelson was to convey his interest by proper conveyance, but in case of default might forfeit all payments made and terminate the contract; that on May 31, 1911, Benson was one year in arrears in his payments on said contract, and refused to make more; that December 17, 1909, he made a bill of sale to the Benson Mill Company, a corporation organized by him and others, of all his interest in said leasehold, said building and the property contained therein and of his rights and interests under said contract with Nelson; that the corporation occupied the premises and operated the mill until June 6, 1911, paying the ground rent for the premises from time to time, but on May 1, 1911, was in default in the payment of rent for a period of three months and in the payment of general taxes, on account of which Nelson notified Benson and the Benson Mill Company of his election to forfeit all payments made by them under the contract of February 16, 1909, and declared said contract null, void and terminated, and that he would start proceedings to recover possession within seven days. That after service of said notice he was advised by the agent of the then owner of the land and assignee of the lease that he need not make such payments, but that he would endeavor to collect such rent and taxes from the Benson Mill Company, and if unsuccessful he would notify Nelson before any action was taken to forfeit said lease, so that Nelson could make such payments. That, thereafter, without giving such notice, said owner assigned said lease to Smith as aforesaid and deeded him said lots subject thereto; that the deed was delivered June 6th, and Smith, after filing the same for record at 10:10 A. M.,

that day, served a notice on Nelson, addressed to Nelson and Benson.and the Benson Mill Company, of his election to terminate the lease and demanded the immediate possession of said lots. That prior thereto Nelson had no notice of Smith's interest and had received none from Smith's lessor of any change in the arrangements previously made as aforesaid with its agent; that about one hour after Nelson received said notice, he, in consideration of $600, assigned and transferred all his right, title and interest in and to said leasehold, said building, and said contract with Benson of February 16, 1909, to the complainant Watson, who did not have knowledge of Smith's purchase and the notice given Nelson until June 7th. That at 2:00 p. m., June 6th, an involuntary petition in bankruptcy was filed in the District Court of the United States against the Benson Mill Company, and a receiver therefor was immediately appointed. That at 3:06 p. m. the same day, Smith began forcible entry and detainer proceedings against Benson and the Benson Mill Company for possession of said lots, in which Watson appeared on June 12th, and which were continued on Smith's motion to July 19th, and abandoned after Smith had taken forcible possession of the said premises. That on June 8th complainant Watson notified the receiver that he was the owner of said building, and that the rent should be paid to him during the receiver's occupancy thereof. That the receiver's inventory of the assets of said Benson Mill Company did not include said building nor said leasehold interest; that a notice of sale by the receiver to take place June 18th referred to only tangible property of said bankrupt; that at said sale the referee made no mention of the building or the leasehold interest and offered only such property as was mentioned in the notice of sale which was struck off and sold to said Smith, and a bill of sale was executed to him conveying the bankrupt's interest in the tangible assets of every kind, etc., "together with any and all other

property of every kind and description belonging to said bankrupt except accounts and bills receivable and cash on hand.'' That on June 7th Watson gave notice to Benson and Benson Mill Company of his confirmation of Nelson's notice of forfeiture of the contract of February 16th, and notice to Smith of his purchase of said building and leasehold interest and tendered both to Smith and his lessor all back rent and taxes then due and unpaid, and when the next month's rent accrued tendered the same to Smith.    That after Smith received the bill of sale of the bankrupt's assets, he took forcible possession of said building and threatened to use force and violence against complainant if he attempted to take possession thereof.

The bill then alleged that by reason thereof complainant was unable to occupy, use, rent, sell or remove the building, and that Smith claimed to own said premises and leasehold interest by reason of his alleged cancellation of said lease, and declared that said attempted cancellation and occupancy of said building was a fraud on complainant and prayed that said attempted cancellation of the lease be declared null and void, that he be decreed the owner of the leasehold interest and of the building and improvements on said lots, and that Smith, his agents, etc., be enjoined and restrained from interfering with or hindering him in the occupation and control of said building and lots.

Albert H. Fry, for plaintiff in error.

Lyman, Lyman & O'Connor, for defendant in error.

Mr. Justice Barnes delivered the opinion of the court.

It is argued first that the bill does not show notice, or written consent by the lessor or his grantee, as expressly required in the lease, to any assignment of the lessee's interest.    The facts set up in the bill

show that each successive assignee of the leasehold interest took open possession of the premises and in turn paid rent therefor directly to the then owner or assignee of the lease. The receiving of the rent under such circumstances gave implied consent to such assignments, and constituted a waiver of such provision of the lease. *Hopkins v. Levandowski,* 250 Ill. 372, and cases cited.

It is also urged that as the lease provided that nonpayment of rent constituted a forcible detainer and the lessees waived notice of election by the lessor to declare a forfeiture for such nonpayment, and as the rent was in arrears for four months when Smith obtained title to the lots, he could take possession of the premises without giving such notice. But the default in the payment of rent took place before he acquired title to the reversion, and as assignee thereof he could not take advantage of a cause for forfeiture which accrued prior to the assignment to him of such reversion. 18 Amer. & Eng. Ency. of Law (2nd Ed.) 393; *Watson v. Fletcher,* 49 Ill. 498; *Trask v. Wheeler,* 7 Allen (Mass.) 109; *Small v. Clark,* 97 Me. 304; *Fenn v. Smart,* 12 East 444.

Besides, the deed to Smith having been made subject to the lease in question, he could not declare a forfeiture thereof upon grounds which his lessor by his conduct had previously waived. *McConnell v. Pierce,* 210 Ill. 627; *Watson v. Fletcher, supra.*

From the allegations in the bill, it is apparent that neither the building nor the leasehold was regarded or sold as the assets of the bankrupt, and that Smith's purchase at the bankrupt sale gave him no title thereto. His rights thereto rested solely upon his deed from the Chicago Title & Trust Company.

But appellant contends that Nelson's contract with Benson operated to devest Nelson of the title to the building and leasehold, and, therefore, Watson acquired no title from him. As the contract expressly reserved the title to Nelson until full payment was

made, it was one of conditional sale, (*Gilbert v. National Cash Register Co.*, 176 Ill. 288,) and no rights of a bona fide purchaser or execution creditor having intervened there was nothing to prevent Nelson from asserting his title on the failure to comply with its conditions. *Herbert v. Rhodes-Burford Furniture Co.*, 106 Ill. App. 583. His title therefore passed to Watson.

Watson having tendered to Smith all the rent and taxes that had accrued before Smith acquired title, and having kept his position good by tendering the next instalment of rent as it accrued, and Smith having abandoned his forcible entry and detainer proceedings and taken forcible possession of the property on the same being vacated by the receiver, the question arises whether Watson was entitled to the equitable relief sought.

Never having been in actual but only constructive possession of the premises, he was in no position to resort to the legal remedy of forcible entry and detainer. *Thompson v. Sornberger*, 59 Ill. 326; *Whitehill v. Cooke*, 140 Ill. App. 520. No default took place after Smith acquired title upon which he could declare a forfeiture, and as before stated none could be declared on default occurring before he acquired title, for which full compensation was tendered. Equity will grant relief against an attempt to declare a forfeiture where full compensation can be made. "Forfeitures are not regarded by courts with any special favor" (*Palmer v. Ford*, 70 Ill. 369) and courts of equity treat provisions for the forfeiture of leases for nonpayment of rent as intended merely as security for the payment of rent, and assume jurisdiction to relieve tenants from such a forfeiture upon the payment of all rent in arrears. 18 Amer. & Eng. Ency. of Law (2nd Ed.) 389; 2 Story's Eq. Juris., secs. 1314-1316; *Giles v. Austin*, 62 N. Y. 486; *Noyes v. Anderson*, 124 N. Y. 175.

If, as we hold, the case is properly one of equity

296    APPELLATE COURTS OF ILLINOIS.

Assets Adjust. Co. v. Atkinson, Mentzer & Grover, 180 Ill. App. 296.

jurisdiction, there can be no question that the court had power to enter a mandatory injunction, enjoining Smith from interfering with, impeding or hindering the complainant in his rightful occupation of the building, under the circumstances set forth. *Burrall v. American Telephone & Telegraph Co.*, 224 Ill. 266; *Spalding v. Macomb & W. I. R. Co.*, 225 Ill. 585.

The demurrer was properly overruled and the decree will be affirmed.

*Affirmed.*