Luly Stores Co. v. Hartman, 235 Ill. App. 319.

---

## Luly Stores Company, Appellant, v. George M. Hartman, Appellee.

1. LANDLORD AND TENANT—*right of grantee of reversion to rent due before delivery of deed.* Where a deed to leased property was delivered to the grantee after the first day of the month, on which date rent became due, the rent so becoming due did not pass to the purchaser and the latter cannot claim nonpayment of rent, it having been paid to the original lessor.

2. LANDLORD AND TENANT—*estoppel of grantee of reversion subject to lease to dispute validity of lease.* Acceptance of a deed reciting that it was subject to a certain lease of the premises estops the grantee from disputing the validity of such lease.

3. LANDLORD AND TENANT—*grant of reversion subject to existing lease as waiver of past breaches by lessee.* When a deed recites that it is subject to a certain lease its acceptance constitutes a waiver of all prior breaches of such lease and the vendee cannot avoid the lease because of such a breach.

4. LANDLORD AND TENANT—*when alteration not continuing cause of forfeiture available to grantee of reversion.* The cutting of an opening in a partition on leased premises, though a violation of the lease, was not a continuing cause of forfeiture and gave a subsequent purchaser of the premises no right to terminate the lease.

5. HARMLESS ERROR—*harmlessness of error in rulings where objecting party had no cause of action.* Where appellant had no cause of action and the jury reached a proper conclusion under the law it is immaterial whether the court erred in its rulings during the trial.

Luly Stores Co. v. Hartman, 235 Ill. App. 319.

Appeal by plaintiff from the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

McGINNIS & McGINNIS, for appellant.

E. J. VERLIE and H. S. BAKER, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee was a tenant under a lease for ten years from September 1, 1918. The lessors conveyed the premises to appellant, the deed reciting: "It is understood by all parties hereto that this deed is made subject to the Hartman lease now on said premises." About a year before appellant became the owner of the property, appellee had cut an opening in the wall on the second floor and put in a door. On October 19, 1923, appellant served appellee with notice that the alteration was a violation of the fourth and tenth clauses of the lease and that for such reason appellant had elected to terminate the same. The notice also contained a demand for possession of the premises within five days because of the alleged failure to pay the rent due October 1, 1923. An action of forcible detainer resulted in a verdict and judgment for appellee.

Appellant's president testified that a banker acted in the negotiations for the purchase of the property and the procuring of the deed and that the bank received the deed on September 26, 1923. He was asked as to when appellant received the deed and his reply was: "In October, 1923. I think it is dated the 26th. It was on the 19th that the money, the check was signed for this money on the 19th of October, 1923, the deed I think was dated a few days later. It was recorded later." The deed is dated January 20, 1923, but was not filed for record until October 6, 1923. Appellant concedes that the deal hung fire for several

months and the only evidence as to when the deed was actually delivered is as above stated. The only reasonable inference to be drawn from the evidence is that the deed was delivered after October 1, 1923. The rent due October 1, 1923, did not pass to appellant but was payable to the original lessors and it was paid to them by appellee on the day it was due. Appellant had no cause for complaint in that regard as it failed to show it was entitled to the rent due October 1, 1923.

Appellant accepted the deed, containing a recital that it was subject to appellee's lease, and it is estopped from disputing the validity thereof. *Illinois Ins. Co. v. Littlefield,* 67 Ill. 368. The execution and acceptance of the deed was a waiver of all prior breaches and appellant cannot avoid the lease because of any ground of forfeiture previously existing. *McConnell v. Pierce,* 210 Ill. 627. Appellant, as grantee of the reversion, cannot take advantage of a cause of forfeiture which occurred prior to the time it received the deed for the premises. *Watson v. Smith,* 180 Ill. App. 289; *Watson v. Fletcher,* 49 Ill. 498. This is a well-settled rule of law. *Barber v. Watch Hill Fire Dist.,* 36 R. I. 236, L. R. A. 1915C 245, and cases cited in note; 18 Amer. & Eng. Encyc. (2nd Ed.) 393; Taylor, Landlord & Tenant, sec. 445; *Trask v. Wheeler,* 7 Allen (Mass.) 109; *Small v. Clark,* 97 Me. 304, 54 Atl. 758; *Moulton v. Lawson,* 79 Neb. 720, 113 N. W. 244.

Appellee concedes that when he cut the opening in the wall in November, 1922, there was a breach of the covenant against making alterations unless he had the consent of the lessors, but he claims to have had such consent through their agent who died before the trial. Appellant contends that there was no evidence tending to show that the agent had authority to consent to the alteration and that the breach was a continuing cause of forfeiture, as in *Vintaloro v. Pappas,*

310 Ill. 115. It is argued that it was a continuing breach because the building remained in the altered condition from the time the opening was made until the trial. The covenant was one running with the land and if an alteration had been made after appellant became the owner of the reversion such alteration would afford appellant a ground of forfeiture. But, under the authorities above cited, appellant cannot avail itself of a breach that occurred before the conveyance. The breach in November, 1922, was not a continuing cause of forfeiture and gave appellant no right to terminate the lease.

Appellant had no cause of action and it is wholly immaterial whether the court erred in its rulings during the trial of the case. Without regard to the alleged errors the jury reached a proper conclusion under the law. The judgment is right and must be affirmed.

*Affirmed.*