EMILY FAITHFUL AMES *et al.* by their next friend,

*v.*

KNOWLTON L. AMES *et al.* impleaded, etc.

*Filed at Ottawa March 28, 1896.*

1. PARTITION—*separate estates in surface and in underlying mineral.* The ownership of the surface of land may be separated from the underlying mineral, with distinct titles in fee in severalty to the respective parties, in a proceeding for partition, where the parties consent thereto.

2. SAME—*when owelty may be ordered paid.* Owelty may be ordered paid for the purpose of equalizing the shares of the parties in partition, to whom the ownership of the surface and the underlying mineral are respectively and separately allotted.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OLIVER H. HORTON, Judge, presiding.

GEORGE W. SMITH, for plaintiffs in error.

WALTER W. ROSS, for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This was a bill for partition filed by plaintiffs in error, against defendants in error, in the circuit court of Cook county. The cause was before this court at a former term, and the opinion in the case is reported in 148 Ill. 321, to which reference is made for the facts. The cause was remanded under the decision then announced, and commissioners appointed to make partition, who qualified and made their report, by which, among other estates

partitioned, they assigned certain coal mines in their entirety to the adult heirs, they having consented to have their shares allotted to them together. By this report certain farm lands were set off in severalty to each of the plaintiffs in error, excepting the underlying coal and mineral and all mining rights. The underlying coal and mineral were set off and allotted to the defendants in error jointly, they electing to take together. The commissioners, for the purpose of equalizing the shares, ordered owelty paid to plaintiffs in error by defendants in error.

But two legal questions are presented on this record. The first is, may a court of equity, in a proceeding for partition, separate the ownership of the surface from the underlying mineral, giving the surface to one and the mineral to the other, with distinct titles in fee, in severalty, to the respective parties. The second is, may the courts, for the purpose of equalizing such an estate, order the payment of owelty.

Coal underlying lands may be acquired by a title absolute and in fee in one person whilst the right to the surface is in another. Each may be held by separate and distinct titles in severalty, and each is a freehold estate of inheritance, separate from and independent of the other. The only distinction as to the respective rights rests on the principle that the servient estate owes the servitude of affording sufficient supports to sustain the surface. The vast coal fields underlying valuable farm lands in the State of Illinois present questions of property rights in connection with the ownership of the surface, which render a strict adherence to the maxim of the common law, *cujus est solum ejus est usque ad cœlum et ad inferos,* not always practicable, having regard to the interests of the owners of lands where the coal is accessible by mines already opened.

The right of the owner of land to convey the coal and mineral rights underlying the land and reserving the surface absolutely in fee has long been recognized. When

such conveyance is made, two separate estates exist, and each is distinct. Each may be conveyed by deed, each may be devised under a will, each will pass to the heir under the Statute of Descent, and each is subject to taxation. (*In re Major*, 134 Ill. 19.) In all these phases each estate passes and must be treated as real estate. These principles are in effect sustained by this court in *Locey Coal Mines* v. *Chicago, Wilmington and Vermilion Coal Co.* 131 Ill. 9. Mining claims have been recognized as legal estates of freehold, (*Merritt* v. *Judd*, 14 Cal. 60,) and subject to partition. (*Hughes* v. *Devlin*, 23 Cal. 502.) The right to partition was collaterally recognized in *Janes* v. *Wagner*, 66 Pa. St. 429.

Two separate estates and interests being in existence, in principle there can be no difficulty in recognizing separate titles. If these two separate interests and titles were united in one person the maxim above quoted would apply, but the owner would have a right to sever the two estates by deed or devise. Where the owner would have that right there is no inherent difficulty in a court of chancery severing the two estates in a partition proceeding, where it is rendered necessary in the interest of justice, and decreeing the dominant estate to one and the servient estate to another. In recognizing this principle we are applying it to the facts of the particular case before us, where the defendants in error consented to accept the servient estate.

We do not at this time determine the question whether a person not conversant with the management of the mine and without capital to operate it could be compelled to accept as his share a mine thus set off to him against his consent, nor whether a mine could be set off to a minor. In thus qualifying the rule of the common law embraced in the above quoted maxim, until by an express act the owner of the surface had severed the one estate from the other, a deed or mortgage would convey the entire estate under the full application of that maxim,

and the principle of notice would, in the event of such conveyance of the servient estate, be the same as under the most strict enforcement of the maxim.

As to the second point presented, it is sufficient to say that question has been affirmatively determined by the adjudications of this court in *Field* v. *Leiter,* 117 Ill. 340, and numerous cases cited in the opinion in that case.

The decree of the circuit court is affirmed.

*Decree affirmed.*