---

(No. 11885.—Decision affirmed.)
THE SIMMONS COAL COMPANY, Appellant, *vs.* THE BOARD OF REVIEW OF FULTON COUNTY, Appellee.

*Opinion filed February 20, 1918.*

1. TAXES—*leased mining right may be assessed separately from rest of the land.* A conveyance of the right to mine, excavate and remove coal underlying a tract of land is not a mere grant of an easement but is a sale of the coal itself and a conveyance of an interest in the land, and such mining right is real estate, which may be assessed for taxation separately from the other part of the land.

2. SAME—*whether property is subject to taxation is the only question that can be raised on appeal from board of review.* The only question that can be raised in the Supreme Court on appeal from a decision of the board of review assessing certain property for taxation is whether the property is subject to taxation, and if it is subject to taxation the regularity of the assessment cannot be inquired into.

AUDITOR's certificate of appeal to review decision of the Board of Review of Fulton county.

BURNETT M. CHIPERFIELD, and CLAUDE E. CHIPERFIELD, for appellant.

EDWARD J. BRUNDAGE, Attorney General, REED F. CUT-
LER, State's Attorney, and ALBERT D. RODENBERG, for ap-
pellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of review of Fulton county gave notice to
the Simmons Coal Company of its decision to assess that
company on coal rights, as follows: "172 acres at $30 per
acre, 1910, $5160," and on a progressively smaller number
of acres in each of the years from 1911 to 1917, the total
amount of such proposed assessment being $23,760. The
notice further stated that the company could appear, if it
desired, and show cause why the assessment should not be
made, and accordingly on September 5, 1917, the company
did appear and a hearing was had by the board of review,
which resulted in an order "that the coal rights as enumer-
ated in the foregoing notice to the Simmons Coal Company
be entered upon the assessment book of Canton township,
in school district No. 63, for the purpose of taxation for
the year A. D. 1917." The coal company prayed an ap-
peal, and the Auditor of Public Accounts has presented the
case to this court, as provided by statute.

It appears that the appellant is the grantee under three
separate instruments, each of which is called a lease or
agreement, of the right to mine, excavate and remove all
available, minable and merchantable coal underlying the
tracts of land described in the various leases, through tun-
nels driven through from the mines of the appellant on its
land to the leased premises, the right to be exercised, as
provided in one lease within nine years from April 16, 1907,
within twenty-five years from October 1, 1908, under an-
other lease, and within twenty-five years from November 3,
1909, under the third lease. Payments were to be made
semi-annually under each lease of stated amounts at fixed
periods until 1915, when the payment of the entire consid-
eration of $17,016 was to be completed.

It is contended by the appellant that the instruments conveyed no property interest to it subject to taxation, but only conferred a license to mine and remove coal upon payment of the consideration within certain limited and definite periods, and that there was not such a severance of the estate in the coal from the estate of the lessors as to create in appellant a right of ownership to the exclusion of all other persons in the coal in place. Sections 6 and 7 of chapter 94 of the Revised Statutes provide that any mining right, or the right to dig for or obtain iron, lead, copper, coal or other mineral from land, may be conveyed by deed or lease, and that when the owner of any land shall convey by deed or lease any mining right therein, such conveyance shall be considered as so separating such right from the land that the same shall be taxable separately, and any sale of the land for any tax or assessment shall not include or affect any such mining right. A conveyance of the right to mine, excavate and remove coal underlying a tract of land is not a mere grant of an easement, but is a sale of the coal itself and is a conveyance of an interest in the land. We have held that such mining right is real estate and should be assessed for taxation separately from the other part of the land. *In re Maplewood Coal Co.* 213 Ill. 283.

The appellant contends that the board of review assessed the property as personal property, and that there is no authority of law for such assessment. The only question that can be raised on an appeal of this character, which is given by paragraph 6 of section 35 of the act of 1898 for the assessment of property, (Hurd's Stat. 1916, p. 2225,) is whether the property is subject to taxation. If it is subject to taxation the regularity of the assessment cannot be inquired into on this appeal. The board of review rightly held the property subject to taxation.

The decision is affirmed.

*Decision affirmed.*