(No. 12588.—Decree affirmed.)

ALMA F. WISE, Appellant, vs. JENNIE H. WOUTERS et al.
Appellees.

*Opinion filed April 15, 1919.*

1. DEEDS—*ambiguous clause will be construed against grantor.* Where a deed is so worded that it will be understood in one way by some and in another way by others, that meaning is to be adopted which is adverse to the interest of the grantor.

2. SAME—*when court will consider surrounding circumstances in construing deed.* Where the terms of a deed are ambiguous, to ascertain the intention of the parties the court will take notice of the surrounding circumstances.

3. SAME—*when a covenant runs with the land.* Where the owner of two adjoining lots conveys one of them, except ten feet thereof, with a covenant that the ten-foot strip shall be kept open as a passageway to be used in connection with a building which the grantor intends to erect on the adjoining lot, the fact that the grantor subsequently abandons the building project and sells the adjoining lot and the ten-foot strip, reciting in the deed the former covenant as to the passageway, will not prevent said covenant from running with the land.

APPEAL from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding.

BROWN, BROWN & BROWN, for appellant.

GEORGE W. BROWN, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Woodlawn Park Lodge No. 825, Independent Order of Odd Fellows, originally owned lots 5 and 6 in Towle & Evoy's subdivision of lots 1, 2, 5 and 6, block 1, second plat of Woodlawn. Said lots fronted on the west side of Woodlawn avenue between Sixty-third and Sixty-fourth streets, and each was fifty feet in width. The lodge appears to have acquired the lots with a view to the erection thereon, or on a part of them, of a lodge hall. On Novem-

ber 11, 1915, the lodge conveyed by warranty deed to Jennie Wouters lot 5, except the south ten feet thereof. The deed contained this provision: "Said first party agrees that it will keep the south ten feet of said lot 5, except the west twenty-five feet thereof, as an open, unobstructed passageway or private alley in connection with a lodge hall hereafter to be constructed, and said passageway or private alley shall be kept and maintained as such, as required by the ordinances of Chicago, for hall and amusement purposes." Subsequently the lodge decided not to build a hall on the property, and sold and conveyed by warranty deed to Alma F. Wise on January 24, 1917, lot 6 and the south ten feet of lot 5. This deed contained the following provision: "The south ten feet of lot 5 is hereby granted, with a covenant running with the land that the said grantee will keep the south ten feet of lot 5, except the west twenty-five feet thereof, as an open, unobstructed passageway or private alley, subject to the conditions relating to said south ten feet of lot 5 contained in the deed from said Woodlawn Park Lodge No. 825, Independent Order of Odd Fellows of Illinois, to Jennie Wouters." After the conveyance to Jennie Wouters by the lodge she took possession of the premises and erected on lot 5 a brick building covering the entire forty feet frontage and extending back about fifty-four feet. Immediately in the rear of said building she erected a garage building of seven individual garages, the garage building being about twenty-one feet wide north and south by seventy-eight feet long east and west. The remainder of said forty feet of lot 5 in front of said garages was improved with a cement pavement and furnished access to the passageway. The improvements were completed November, 1916. The brick building on the front of the lot was in part used by Jennie Wouters and her husband as a laundry-distributing office and part of it by a tailor as a tenant of the owner, and the seven garages were rented to various parties at seven dollars per month each. After

the conveyance to Mrs. Wise she improved the property conveyed to her up to but not upon any part of the south ten feet of lot 5, except the west twenty-five feet thereof. She caused to be paved the east fifty-five feet of the alleyway with brick laid in cement and the remainder of it with cement blocks and cinders. Both Mrs. Wise and Mrs. Wouters used the alleyway for vehicles and otherwise for access to and ingress from the buildings in the rear of their respective premises. There were no other means of access to said buildings from any direction. In December, 1917, Mrs. Wise notified Mrs. Wouters she intended to close up said alleyway and proceeded to place a board fence across it. This was torn down, and Mrs. Wouters notified Mrs. Wise she would tear down any obstruction she placed in said alleyway. Thereupon Mrs. Wise filed a bill to enjoin Mrs. Wouters from interfering with the complainant's free and unrestricted use and occupation of the south ten feet of lot 5. After answer filed the cause was referred to a master in chancery to take the proofs and report his conclusions of law and fact thereon. The master heard the testimony and reported that the defendant to the bill had an easement in the ten-foot strip of land in question without limitation or restriction and not dependent upon the building of a lodge hall by Woodlawn Park Lodge No. 825; that said alley was for the joint use and benefit of Mrs. Wouters, the lodge and those claiming under them. He recommended that the injunction be denied and the bill dismissed. Exceptions to the master's report were overruled by the chancellor and the bill dismissed at complainant's costs. From that decree complainant has prosecuted an appeal to this court.

Appellant contends that the deed to defendant did not create a covenant running with the land; that the obligation to keep the ten-foot alley open was upon condition that the lodge erect a hall and maintain the alley in connection therewith, and it is contended that whatever interest de-

fendant took in the ten-foot strip left for an alleyway was that of a mere licensee, which only attached upon the erection of the lodge hall and the opening of the alley and could be revoked by the grantor at pleasure. We do not think this a proper construction of the effect of the deeds, both of which must be construed together. It is no doubt true that when the deed was made by the lodge to defendant the lodge had in contemplation the erection of a hall on lot 6, and the deed provided that the south ten feet of lot 5, except the west twenty-five feet thereof, should be kept as an open, unobstructed passageway or private alley in connection with a hall thereafter to be built, and which passageway or private alley should be kept and maintained as required by the ordinances of the city. The ordinances require a lodge hall seating 800 persons, to have a frontage upon two public places, one of which shall be a street, and the other, if not a street, shall be a public or private alley, not less than ten feet wide, opening directly on a public street or alley. The references to the alley in connection with a hall to be built and its maintenance as required by the ordinances were words of description and were not a condition of the grant of the easement. That the grant of the easement was without limitation or restriction and not dependent upon building a lodge hall seems clear from the provisions in the deed to complainant. That deed expressly recognized that the conveyance to defendant created a covenant running with the land that the private alleyway should be kept open and unobstructed upon the conditions contained in the deed from the grantor to the defendant. The reference to the conditions in the deed to defendant could not have meant that continuance of the easement depended upon the building of a lodge hall, for the lodge, by the deed to complainant, put it out of its power to build a hall on the premises, and the deed imposed no obligation on the grantee to build a hall for the lodge. We are of opinion that the provision that the alley was to be kept and main-

tained was on its face an unconditional covenant running with the land. But even if the language were ambiguous, the surrounding facts and circumstances make it clear that such was intended by the parties. Complainant's grantor recognized and recited in its deed to her that it had by its deed to defendant created a covenant running with the land to keep the alleyway open. Where a deed is so worded that it will be understood in one way by some and in another way by others, that meaning is to be adopted which is adverse to the interest of the grantor. (*City of Alton* v. *Illinois Transportation Co.* 12 Ill. 38; *United States Mortgage Co.* v. *Gross,* 93 id. 483.) Where the meaning is doubtful the doubt will be solved in favor of the grantee. *Kirby* v. *Wabash, St. Louis and Pacific Railway Co.* 109 Ill. 412.

The appellant concedes that where the terms of a deed are ambiguous, to ascertain the intention of the parties the court will take notice of the surrounding circumstances. Some of the facts in this connection disclosed by the proof are, that the lodge proposed to sell part of lot 5 to raise money to be used in building the contemplated hall, and appointed J. C. Kimball, one of its trustees, who was engaged in the real estate business, to sell the property. Kimball applied to Wouters, defendant's husband, who acted as her agent in the transaction, to buy part of lot 5. The lodge would not sell the property without imposing restrictions against its use for laundry purposes, but consented a building might be erected thereon to be used as a collecting and distributing station in connection with the laundry business of defendant's husband and for other purposes. Wouters was engaged in the laundry business and had in course of construction on West Harrison street a building with stores in front and garages in the rear. Kimball desired to know what kind of a building would be constructed on lot 5, and Wouters sent him to see the building he was constructing on West Harrison street, with which Kimball

288 — 3

was satisfied. Wouters pointed out that he could not use the buildings he desired to construct if he purchased lot 5 unless he had a passageway from the street to and from the rear. He made a sketch of the plans of the buildings he proposed if he bought the property, which required a ten-foot alleyway, and provision for it was a condition of the purchase of the property. Defendant paid $6700 for the property, and after acquiring it spent something over $9000 in improving it by the erection of buildings thereon. The building erected for garages in the rear of the one-story brick on the front fifty-four feet of the lot had no communication with any street except through the private alleyway on the south side of said lot 5. After the complainant bought lot 6 and the south ten feet of lot 5, subject to the easement, she improved the property with buildings up to the line of the south ten feet but never encroached upon the alleyway until December, 1917. Both parties used the alley for vehicles to pass to and from the street to the rear of their respective premises. It was clearly the intention of defendant and her grantor that she was to have a ten-foot passageway for vehicles in connection with the use of her property, and the appellant had both actual and constructive notice of this fact. The right to have the ten-foot space kept open as a passageway for her use was a covenant running with the land and was in no way limited or restricted by the grantor's right to abandon its intention to build a hall, and liability for its performance, or the right to enforce it, passed to the assignee of the land. *Gerling* v. *Lain,* 269 Ill. 337; *Dorsey* v. *St. Louis, Alton and Terre Haute Railroad Co.* 58 id. 65.

The decree of the circuit court is supported by the law and the evidence and is affirmed.                *Decree affirmed.*