(No. 14318.—Reversed and remanded.)

JOSEPH H. KINDER *et al.* Appellants, *vs.* THE LASALLE COUNTY CARBON COAL COMPANY *et al.* Appellees.

*Opinion filed December 22, 1921—Rehearing denied Feb. 15, 1922.*

1. LIMITATIONS—*adverse possession must be hostile for entire period.* Under section 1 of the Statute of Limitations adverse possession sufficient to defeat the legal title must be hostile in its inception and in its character and must so continue uninterruptedly for twenty years, and there must be an assertion of ownership which is hostile to all others and which continues for said period.

2. SAME—*what constitutes adverse possession.* To constitute an adverse possession there must be an actual, visible and exclusive possession commenced and continued under a claim of right to hold the land against him who was seized, and the occupation must be with the intention of claiming the fee against the true owner and all other persons.

3. DEEDS—*the title to minerals is attended with all attributes peculiar to ownership of land.* Coal, limestone and other minerals

in place are land and are attended with all the attributes and incidents peculiar to the ownership of land, and the title to minerals distinct from title to the surface of the land may be proved in the same way as title to the surface.

4. PLEADING—*when court should not sustain demurrer to bill setting up title to minerals by adverse possession.* While title to minerals may be shown by proof of adverse possession it is difficult to prove the actual possession, as the surface and the minerals may be held by separate titles and each estate is incapable of possession by the mere occupancy of the other, and if a bill alleges facts sufficient to show adverse possession, a general demurrer should not be sustained merely because evidentiary facts are alleged, some of which may be mere conclusions.

5. SAME—*claim of adverse possession should not be set forth by detailed statement of evidentiary facts.* No good purpose can be accomplished by inserting in a bill to quiet title an elaborate detailed statement of the evidentiary facts on which the claim to title by adverse possession is based, and simplicity in pleading demands that such particularity be avoided.

6. SAME—*when general demurrer should be overruled.* Where a bill sets forth various claims for relief in a court of equity and the defendant files a general demurrer, the demurrer should be overruled if any of the claims therein set forth be proper for the jurisdiction and consideration of equity.

7. PRACTICE—*separate briefs filed by leave should not contain unnecessary repetition.* The fact that certain appellees are given leave to file a separate brief on their representation that their interests conflict with those of the other appellees does not authorize them to re-state and re-argue the points wherein the interests of all the appellees are the same.

APPEAL from the Circuit Court of LaSalle county; the Hon. SAMUEL C. STOUGH, Judge, presiding.

GERALD G. BARRY, JAMES H. RENNICK, and WOODWARD & HIBBS, for appellants.

CLARENCE GRIGGS, WALTER PANNECK, and COLEMAN & COLEMAN, (JOHN E. COLEMAN, and LOUIS E. HART, of counsel,) for appellees the LaSalle County Carbon Coal Company and the Matthiessen & Hegeler Zinc Company.

CLARENCE T. MORSE, and McDOUGALL & CHAPMAN, for other appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The common source from which all parties to this litigation claim title to the lands in question is James Cowey, who had obtained title to said lands by *mesne* conveyances from the United States and who was the owner in fee simple at the time the deeds in question were made. By a deed dated March 25, 1867, he severed the underlying mineral estate in the land from the surface estate in the land, and conveyed by warranty deed to the Chicago Coal Company, a corporation, "all the bituminous or stone coal, together with the right to mine the same," and by the same instrument quit-claimed "all the right in or title to the oil and minerals, of every description, underlying the above and foregoing described lots, tracts and parcels of land." Appellees by *mesne* conveyances now claim the estate conveyed to the Chicago Coal Company. Subsequently, by a warranty deed dated May 17, 1869, Cowey conveyed a part of said lands to James Kinder, and by a similar deed he conveyed the remainder of the lands to William Burrell, excepting and reserving to himself "all bituminous or stone coal and other minerals, as well as all petroleum oil in, upon or underlying said premises above described, together with the right to mine and raise the same." Appellants are the successors in title to the Kinder and Burrell interests. Appellees claim that the word "minerals," used in the first deed, included the limestone, gravel, sand and other similar minerals found in the lands. Appellants claim that the deed conveyed to appellees' predecessors in title the coal underlying the lands and the oil and other minerals underlying the coal, but that it conveyed nothing above the stra-

tum of coal. Appellants filed their bill in the circuit court of LaSalle county to remove as clouds upon their title all the claims of appellees and to quiet their title. They also claim title by adverse possession under sections 1 and 6 of the Limitations act. General and special demurrers filed to the bill by appellees were sustained and a decree was entered dismissing the bill for want of equity. This appeal is prosecuted to review that decree.

The bill alleges that appellants and their predecessors in title have been in the actual, visible, open, adverse and exclusive possession, as owners in fee simple, of said lands from 1866 down to and including the present time, including in and claiming as a part of their dominant estate and surface right the title to and possession of all clay, sand, gravel, shale, limestone and other stones and ledges in place, lying and being therein and comprising the surface of the land; that during all of the time since 1869 they and their predecessors in title have been in the actual, visible, hostile, exclusive, continuous and open possession, under claim of ownership, of and under color of title, of all the clay, sand, gravel, lime, rock and other stone and ledges on, in and underlying all of the premises, and have openly, notoriously and continuously dug and quarried gravel and stone, commercially and extensively, from the premises during all of said time as such owners; that the surface of the premises consists of loose loam and clay underlaid by sand, gravel, shale and limestone, which limestone, in places, is a few feet under the loam and at many other points comes to the top and is exposed and can only be taken from the land by means of open quarrying, which open quarrying will totally destroy the surface estate in removing the substances; that the coal and other minerals, if any, on the premises lie far below the surface of the land and far below the sand, gravel, shale and limestone and can only be removed by mining; that they have continuously and openly and ex-

tensively quarried at many and divers places in all of the premises, commercially and under claim of ownership, the sand, gravel and limestone and have sold the same to all persons wishing to buy, including hundreds of customers in and about the premises and in the city of LaSalle lying adjacent thereto, and have sold large quantities of the material to the public authorities for the improvement and repair of highways; that during all these years since 1869 appellees and their predecessors in title who were in any way interested in or claimed any right or title to the portion of underlying minerals which had been severed from the surface estate, knew that appellants and their predecessors in title were in possession of the quarries and were extensively quarrying and selling the sand, gravel and limestone, and that appellees, from time to time throughout all of said period, purchased large quantities of the sand, gravel and limestone from appellants and their predecessors in title, knowing at all times that appellants were quarrying and taking the same from the lands in question and that appellants were claiming to be the actual and exclusive owners, in fee simple, of all the sand, gravel and limestone on and in the premises, and that appellants claimed the same as constituting a part of the surface estate of the lands described in the deeds through which appellants and appellees claim title.

Under section 1 of the Limitations act adverse possession sufficient to defeat the legal title must be hostile in its inception and in its character and must so continue uninterruptedly for twenty years. There must be an assertion of ownership which is hostile to all others and which shall continue during the whole period of twenty years. To constitute an adverse possession it is not only necessary that there should be an actual, visible and exclusive possession, but that possession must be commenced and continued under a claim of right to hold the land against him who was seized. The occupation must be with the intention of

claiming the fee against the true owner and all other persons. (*Morse* v. *Seibold,* 147 Ill. 318; *Haley* v. *Johnson,* 292 id. 525.)   Coal, limestone and other minerals in place are land and are attended with all the attributes and incidents peculiar to the ownership of land.   Title to minerals, distinct from title to surface of land, may be proven in exactly the same way as title to the surface.   (*Catlin Coal Co.* v. *Lloyd,* 176 Ill. 275.)   Title to the mineral stratum may therefore be shown by proof of adverse possession, but the difficulty with respect to getting title of such an estate by adverse possession is found in the difficulty of getting and proving actual possession.   By a severance separate estates are created which are held by separate and distinct titles, and each estate is incapable of possession by the mere occupancy of the other.   *Renfro* v. *Hanon,* 297 Ill. 353; 2 Corpus Juris, 71; 1 R. C. L. 738.

Under these authorities it follows that the chancellor erred in sustaining the demurrers and in dismissing the bill, if the bill alleges facts which the demurrers admit to be true, sufficient to show title by adverse possession to the sand, gravel, limestone and other similar minerals.   Appellees contend that the allegations of the bill, the substance of which we have set out in an earlier paragraph, are conclusions of law and not statements of fact which are admitted by the demurrers.   In the Encyclopedia of Pleading and Practice (vol. 21, page 718,) it is said:   "No certain rule can be formulated for distinguishing averments respecting titles that are regarded as merely averments of legal conclusions from those that are regarded as traversable facts.   For a full discussion of this subject reference is made to another article."   The article to which reference is made is found in volume 12 of the same work, at page 1045.   The full discussion is:   "In pleading a title in fee simple, which may depend upon a long succession of deeds, a general allegation of such ownership is sufficient, and it is never required of the pleader to set out in the

pleadings the deed by virtue of which he claims title." This indicates that the question is one attended with considerable difficulty. As we said in *Koch* v. *Arnold,* 242 Ill. 208: "Almost any statement of fact may be shown by a refined analysis to depend upon an inference to be drawn from other facts and to require the application of legal rules in making the deduction." In *Dibble* v. *Winter,* 247 Ill. 243, it was contended that an allegation in the bill that the testator died "leaving him surviving as his heirs-at-law and next of kin his two sisters," was a conclusion of law and not a statement of fact. There we said: "Whatever may be the holding in other jurisdictions, we are disposed to hold, on principle as well as under the authorities of this State, that the allegation in question is a statement of fact and not a conclusion of law." In *Towle* v. *Quante,* 246 Ill. 568, we said: "It is difficult, if not impossible, to specify what acts will constitute actual possession of land."

It follows from this that the allegations in the bill before us are sufficient statements of fact of possession, or possession cannot be stated without setting out the evidence. No good purpose can be accomplished by requiring an elaborate detailed statement of the evidentiary facts on which the claim to title by adverse possession is based, and simplicity in pleading demands that such particularity be avoided. When a bill sets forth various claims for relief in a court of equity and the defendant files a general demurrer, the demurrer should be overruled if any of the claims therein set forth be proper for its jurisdiction and consideration. (*Barr* v. *Barr,* 273 Ill. 621.) While the allegations of fact in this bill, which covers forty-nine pages of the typewritten record and of the printed abstract, are so hedged about with immaterial averments, argumentative statements and conclusions of the pleader that it is difficult to sort them out, and while the chancellor should have ordered much of this immaterial matter stricken from the bill, there are suf-

ficient allegations of fact to require the circuit court to retain jurisdiction and consider the cause on its merits. The object of a pleading of any kind is to state the facts upon which the legal rights of the parties depend, and nothing more.

Counsel for certain appellees have filed a brief of eighty-five pages and counsel for other appellees have filed a brief of thirty-three pages. The one brief is a mere repetition of the other, stated in somewhat different language. Leave was given to file the separate brief on the representation that the interests of the two groups of appellees were conflicting, but this permission gave them no right to re-state and re-argue the points where their interests were the same. There is a full statement of the case in appellants' brief and a complete re-statement of it in each brief filed by appellees. Rule 15 provides that the brief of appellant shall contain a short and clear statement of the case, and that the brief of appellee in a case of this kind shall adopt this statement without repetition unless it is inaccurate or insufficient, and if it is, appellee may in his statement point out such inaccuracy or insufficiency. The rule is clear and ought not to require elaboration, but the court has been compelled to call attention to its violation on a number of occasions, and its views, to a certain extent, have been expressed in the following cases: *Thomas* v. *First Nat. Bank,* 213 Ill. 261; *Kelly* v. *Fahrney,* 239 id. 317; *Yeates* v. *Illinois Central Railroad Co.* 241 id. 205.

The decree is reversed and the cause is remanded to the circuit court of LaSalle county, with directions to overrule the general demurrer and for further proceedings.

*Reversed and remanded, with directions.*