---

(No. 14461.—Reversed and remanded.)
THE BIG CREEK COAL COMPANY, Defendant in Error, *vs.*
CLARENCE H. TANNER, County Clerk, Plaintiff in Error.

*Opinion filed April 19, 1922—Rehearing denied June 8, 1922.*

1. PLEADING—*when allegations as to ownership are conclusions
of the pleader.*   In a bill to enjoin a county clerk from extending
a tax against the complainant's interest in coal underlying certain
tracts of land, allegations that the complainant has the mere right
to mine the coal by virtue of certain leases set out in the bill and
is not the owner in fee of the coal but that the fee is owned by
persons residing on the land, are mere conclusions of the pleader,
and neither the allegations of ownership nor complainant's con-
struction of the leases is admitted by a demurrer to the bill.

2. MINES—*coal underlying the soil is real estate and may be
conveyed as such.*   Coal under the soil is real estate and is capable
of being conveyed and held in fee by one person while the right
to the surface is in another, and such a conveyance, whether by
deed or lease, creates two separate estates in the land, each of
which is subject to taxation as real estate and may be conveyed
or devised or pass by descent.

3. TAXES—*right to mine coal acquired by lease is subject to tax-
ation.*   Under sections 6 and 7 of the Mines act (Hurd's Stat. 1917,
p. 1985,) the right to mine coal acquired by lease is subject to tax-
ation separate from the surface of the land, even though the lessee
does not pay for the coal until it is removed from the mine and

settles with the land owners each month at a certain price per ton, and the assessment should be made separately as to each interest, the total assessment equaling the value of land increased by the value of the coal.

4. SAME—*right to use underground passages for mining purposes is taxable.* Although all the coal has been mined out and removed from a particular portion of a mine being operated on a lease, yet if the lease gives the lessee the exclusive and perpetual right to use the underground passages and entries in such unused portion for mining purposes, either from the premises described in the lease or from adjacent premises, such right is properly assessed to the lessee for the purpose of taxation while the lessee is mining coal.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. GEORGE C. HILLYER, Judge, presiding.

FLOYD F. PUTNAM, State's Attorney, for plaintiff in error.

BURNETT M. CHIPERFIELD, and CLAUDE E. CHIPERFIELD, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of review of Fulton county assessed against the Big Creek Coal Company for taxation, coal rights in several tracts of land aggregating 488 acres, at $14,640 full value, being $30 an acre. The company filed a bill in the circuit court against the county clerk to enjoin him from extending the tax upon this assessment. He demurred to the bill, and the court having overruled his demurrer, elected to stand by it, whereupon the court rendered a decree enjoining the extension of the tax, and he sued out a writ of error.

The bill alleged that the Big Creek Coal Company is an Illinois corporation engaged in the business of mining and selling coal; that the board of review, after its organization in 1919, notified the company to appear before the board and show cause why certain real estate containing coal in place in the ground which had been severed from

the surface overlying the same by conveyance to the company should not be listed for assessment and taxation; that the company appeared and informed the board of review that it did not possess, own or control any real estate containing coal in place in the ground which had been severed from the surface by conveyance to it, but that such coal in place in the ground was owned in fee simple by the owners of the surface over it; that the company's only right to mine and remove coal on the tracts of land in controversy was wholly contingent and dependent upon its paying to the owners of the coal, after its severance and removal, a certain sum per ton as rent and royalty for each ton of coal removed, and that the company had not acquired title to and did not own or control the coal in place in the ground. The company produced and exhibited to the board of review the leases under which it was engaged in mining and removing coal from the real estate in question, but the board, after hearing the testimony, ordered the coal rights to be assessed. The bill set out five leases of separate tracts by different grantors under which the company was mining coal in the respective tracts. There is no substantial difference in the leases material to this controversy. They grant, lease and demise, two for the term of twenty-five years and three for the term of fifty years from the dates of the respective leases, the right to mine, take out and remove coal from or under the premises mentioned; the free and exclusive right to make underground roadways and passages through the premises connecting with other premises adjacent; the free, exclusive and perpetual right to use such underground passages and entries for mining purposes and in removing and conveying coal from the premises described in the instrument, or from any other premises adjacent thereto, to the mouth or mouths of the mines used in connection therewith; the right to prospect to ascertain the depth, character and extent of the coal deposits, and to use so much of the surface as necessary for the econom-

ical and profitable operation of mining, doing no unnecessary damage. The covenants on the part of the company required that an account should be kept of all the coal mined; that a monthly statement should be made to the grantor on or before the 20th day of each month of the number of tons mined in the preceding calendar month, and that payment should be made on the first day of the month succeeding each statement for all coal excavated, mined and removed, at the rate of three cents a ton of 2000 pounds, mine run. Each lease provided for a guaranteed minimum monthly rental, to begin shortly after the execution of the lease, and further provided that payments made under the guaranty unearned on account of coal mined should be deducted from the rent or royalty subsequently accruing in excess of such minimum rental. As to one tract the bill did not set out any title in the company, but averred that on April 1, 1919, it did not own any right, title or interest in the premises; that on that date the coal underlying the premises had been mined out and removed, and that there did not remain any coal in the ground subject to the payment of taxes.

The only question to be determined is, had the defendant in error an interest which was subject to assessment in the tracts of land in controversy? The demurrer admits the averments of fact in the bill but not the conclusions of the pleader. The averments that on April 1, 1919, the defendant in error was not the owner of any right, title or interest in the coal in place in the ground underlying the surface of the tracts described, and that on that date the real estate and the coal underlying the same were owned in fee simple by others, who were residing on the land and had paid all taxes assessed against the real estate, and that the defendant in error was not possessed of and did not own, control or have any interest in the coal underlying said real estate, were not admitted, for they were only the pleader's conclusion. The instruments through which the

title of the defendant in error was derived and the title conveyed by those instruments were admitted by the demurrer, but what title was conveyed was a question of law to be determined from the construction of the instruments, and the demurrer did not admit the construction averred in the bill.

Counsel for the defendant in error argue that there has been no severance of the coal from the surface; that it is not the owner of the coal in place under the ground, and that it has only the right to remove the coal upon payment of the amount stipulated in the instrument under which it claims title, as rent or royalty. Coal under the soil is real estate, capable of being conveyed and held by title in fee in one person while the right to the surface is in another. The owner of land may convey the coal and mineral rights and reserve the surface, or convey the surface and reserve the mineral. When such a conveyance is made two separate estates exist, and each may be conveyed or devised or will pass by descent, each is subject to taxation, and each is real estate. *Manning* v. *Frazier*, 96 Ill. 279; *Ames* v. *Ames*, 160 id. 599; *McConnell* v. *Pierce*, 210 id. 627.

Sections 6 and 7 of chapter 94 of the Revised Statutes provide that any mining right, or the right to dig for or obtain iron, lead, copper, coal or other mineral from land, may be conveyed by deed or lease, with like effect as deeds and leases of real estate, and when the owner of any land shall convey by deed, or lease, any mining right therein, such conveyance shall be considered as so separating such right from the land that the same shall be taxable separately, and any sale of the land for any taxes or assessments shall not include or affect any such mining right. We have held that such mining right is real estate and should be assessed for taxation separately from the other part of the land. (*Simmons Coal Co.* v. *Board of Review*, 282 Ill. 396; *In re Maplewood Coal Co.* 213 id. 283; *Sholl Bros.* v. *People*, 194 id. 24; *Consolidated Coal Co.* v. *Baker*, 135

id. 545; *In re Major,* 134 id. 19.)   In some of the cases cited there had been a conveyance by deed purporting actually to convey the coal, and in others a reservation of the coal from a deed conveying the land.   In *Simmons Coal Co. v. Board of Review, supra,* the instruments under which the coal company claimed were similar to those under which the defendant in error holds in this case.   It is not material whether the defendant in error be regarded as the owner in fee of the coal in place under the ground or holds some inferior interest in the land or the coal.   There is no doubt that it is the owner of a mining right in the land which has been conveyed to it by deed or lease, and is therefore to be considered, under the statute, as separated from the land and taxable separately.

If the mining right conveyed to the defendant in error was not the ownership of the coal in fee but was only a leasehold interest, still the statute required it to be taxed separately, and it was required to be taxed as real estate under section 4 of the Revenue act, which provides for valuing real estate and declares that taxable leasehold estates shall be valued at such a price as they would bring at a fair, voluntary sale for cash.   The same section provides that in valuing any real property on which there is a coal or other mine or stone or other quarry, the same shall be valued at such a price as such property, including the mine or quarry, would sell at a fair, voluntary sale for cash.   In case of the conveyance of a mining right parties have created two distinct property rights in the land, which the statute requires to be assessed separately.   The total assessment must equal the value of the land increased by the value of the coal, but the assessment should be made separately.   *Consolidated Coal Co. v. Baker, supra.*

The bill contained no averment in regard to the title to the tract as to which it was averred that the coal had been mined out and removed, so that there remained no coal in the ground subject to taxation.   It may be assumed, there-

fore, that the defendant in error held it by a lease similar to that by which the other tracts were held conveying to the defendant in error the exclusive and perpetual right to use the underground passages and entries for mining purposes and in removing and conveying coal not only from the premises described in the instrument but from any other premises adjacent thereto. Such conveyance was a part of the defendant in error's mining right in the land, and gave it the right to use the underground passages and entries for mining purposes in connection with the adjoining lands. (*Attebery* v. *Blair,* 244 Ill. 363.) The mining right in this tract, as well as the others in which the defendant in error was actively prosecuting the mining of coal, was properly assessed to the defendant in error.

The decree of the circuit court will be reversed and the cause remanded, with directions to sustain the demurrer to the bill.

*Reversed and remanded, with directions.*