## ANDERSON et v PRYOR et

Ohio Appeals, 5th Dist, Muskingum Co

Decided March 21, 1935

Graham & Graham, Zanesville, for plaintiffs in error.

Kimball & Sugden, and C. F. Ribble, Zanesville, for defendants in error.

・ハ ほ糾で

## OPINION

By LEMERT, J.

In determining what is included in a deed the familiar rules of construction are applied. The grant is construed most strongly against the grantor. The whole contract must be considered in arriving at the meaning of any of its parts. The terms are to be understood in their plain, ordinary and popular sense unless they have acquired a particular technical sense by the known usage of the trade. They are to be construed with reference to their commercial and their scientific import. This rule is of especial importance when the question arises whether a specific mineral is included in a general designation.

From the earliest times the decisions are uniform that where there is a clear and manifest repugnance between the premises and the habendum clauses of a deed, the former must prevail, and the doctrine is no less well recognized and maintained now than in former days.

The rule is that where there is an irreconcilable conflict between the two clauses the granting clause must prevail.

It is a well known rule of construction that an interest or estate given, conveyed or bestowed in one part of any written instrument by terms commonly clear and unambiguous and as to which, if standing alone, there could be no doubt whatever, can not be defeated by a construction given it in other part of the same instrument, unless the terms found in such other part are equally decisive and clear.

13 **Ohio Jurisprudence, 895.**

While every deed should, if possible, be construed so as to give effect to the intention of the parties, it is also the general rule the instrument must be construed most strongly against the grantor and in favor of the grantee in order to derrogate as little as possible from the grant, for the grantor, if he left the point doubtful, is assumed to be at fault, and in accord with this general rule, exceptions and reservations are to be construed strictly against the grantors, so that they may derrogate as little as possible from the grant.

Where this right is conceded and where the whole grant, taken together, is doubtful, then the rule applies that every grant shall be construed in case of doubt most strongly against the grantor.

Taking these general rules and the well settled rules of construction of conveyances, we have to say that the language of a deed is the language of the grantor. He selects the terms, and it being supposed that he will insert all that has been agreed upon beneficial to himself, and will be less careful to state fully all which is beneficial to the grantee, the language is to be construed most strongly against the grantor.

It is not uncommon in coal bearing communities to encounter the expression, "except the coal, which is not intended to be conveyed hereby," and the excepting clause in the instant deed means no more—the phrases "except the coal underlying said land which grantors reserve" and "and it is the intention of this deed to convey only the surface of said grant."

It is quite apparent from the record before us that the grantors knew of the presence of coal in the vicinity and deemed it of value. Hence it expresses exceptions. If they had known of the presence of oil and gas in the vicinity and had deemed it of value they would most assuredly have expressly excepted thereto, if such was their intention. If not, then why did they expressly except the coal.

If we give to the word 'surface' the restricted meaning contended for by defendant, then, taking the deed by its four corners and critically examining and weighing its several provisions, we are led inevitably

to the conclusion that at the time of the making of the deed the parties must have had in mind the value of the land—that is, the superficial portion thereof, and the underlying strata of coal, and no more.

So, when these provisions are so viewed, in the light of such contention can the several provisions as found in this deed be recognized and a reasonable effect given to each? When so viewed in that light, the several provisions will harmonize, and we believe clearly indicate that at the time of the making of the deed the parties did not have in contemplation a deposit of valuable minerals other than coal. Not being in contemplation, there could have been no intention to except.

So, entertaining the foregoing views, and taking the provisions of this deed, as appear upon the face of it, we are of the opinion that the decree entered in the court below was plainly right, and it therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.